(No. 40786.—

Jewel Tea Co., Inc., Appellant, *vs.* The Industrial Commission *et al.*—(Kenneth Giese, Appellee.)

*Opinion filed January 19, 1968.*

GIFFORD, MOORE, RODDY & POWER, of Chicago, (JOHN P. RODDY, of counsel,) for appellant.

HORWITZ, ANESI AND OZMON, of Chicago, and CORRIGAN, MACKAY, QUETSCH and O'REILLY, of Wheaton, (CHARLES E. ANESI and JOHN R. MACKAY, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission awarded the claimant, Kenneth Giese, compensation for permanent partial disability to both legs, caused by an accident arising out of and in the course of his employment by the Jewel Tea Co., Inc., the respondent. The award included certain disputed medical expenses. The circuit court of Cook County affirmed the award, and the respondent has appealed.

The claimant's back was first injured on December 23, 1963, while he was employed by the respondent as a meat-cutter. He initially called Dr. Kelikian, his personal physician, but he was treated by the respondent's doctor, Dr. Carlo Scuderi, after the respondent informed him that it would not otherwise accept responsibility. Dr. Scuderi discharged him and he returned to work. He was again injured on April 25, 1964, while lifting a heavy platter of meat. His wife called Dr. Scuderi, who placed him in St. Elizabeth's hospital. After his discharge from the hospital on May 9, 1964, he returned to work for two weeks. The respondent then discharged him from its employment on Dr. Scuderi's recommendation.

On July 28, 1964, the claimant awoke "with severe pain in the lower part of  *  *  *  [his] spine and into  *  *  * [his] two legs." He was taken to Chicago Wesley Memorial Hospital, where he remained from July 28 through August 8 under the care of Dr. Kelikian. The respondent paid the claimant temporary disability during this hospitalization, but refused to pay the hospital or Dr. Kelikian's bills.

In September of 1964, the claimant obtained a job with the Sanitation Department of the city of Chicago. His work involved pulling garbage out of cans with a scoop shovel, and he sometimes lifted garbage cans weighing up to 35 pounds. After working for approximately one-half hour on October 27, 1964, he was taken to the Wright Clinic "in very bad pain." He was again hospitalized, this time under the care of Dr. Ellsworth Tannehill, the city physician. The city of Chicago paid the medical expenses in connection with this occurrence.

An arbitrator heard the testimony of the claimant, his wife, Dr. Carlo Scuderi, Dr. Samuel Rubert, and two other persons, and awarded the claimant $55 per week for a period of 100 weeks because "the injuries sustained caused the permanent and complete loss of use of the right leg  *  *  *  and  *  *  *  left leg to the extent of 25%

thereof." He also decided that the claimant is entitled to receive $458.42 for the medical, hospital and X-ray services rendered by Dr. Kelikian and the Chicago Wesley Memorial Hospital. The Industrial Commission, after hearing Dr. Tannehill and one other person testify, approved the arbitrator's findings, and the circuit court of Cook County affirmed.

The respondent disclaims liability for the unpaid medical expenses connected with the July 28, 1964, episode. It argues that because the claimant "did not even attempt to call Dr. Carlo Scuderi but immediately telephoned Dr. Kelikian and entered the Wesley Memorial Hospital under that gentleman's service," he elected, under section 8(a) of the Workmen's Compensation Act, "to secure his own physician, surgeon and hospital services at his own expense." (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(a).) The claimant contends that no election occurred because "[t]he only logical conclusion that * * * [he] could reach was that the company disclaimed all responsibility for any additional hospital or medical service."

The claimant testified that when the respondent discharged him, its district manager said that "the company will not be liable for me no longer, they don't want me to work for them, they will not be responsible." The claimant's wife testified that she called Dr. Scuderi, who said, "I can't help your husband any longer. * * * I can do no more for you. I am very sorry." She testified that she also called a named lawyer for the respondent, who did not call back after saying that he would find out whether the respondent would pay for the claimant's expenses in the hospital. Dr. Scuderi testified he had "no information" about such a call. The lawyer did not testify.

If the testimony of the claimant's wife is believed the respondent had sufficient notice of the recurrence of the claimant's injury to have enabled it to declare its willingness to provide the necessary medical services. (*Cf. Corn Prod-*

*ucts Refining Co.* v. *Industrial Com.,* 402 Ill. 250; *Simpson Co.* v. *Industrial Com.,* 337 Ill. 454; and *Hammond Co.* v. *Industrial Com.,* 288 Ill. 262.) The credibility of the witnesses is a matter for the Industrial Commission, and we see no reason to disturb its decision.

The respondent also contends that "the award of the Industrial Commission awarding 25% loss of use of each leg had to be based upon speculation and conjecture." To support this contention it submits that "there is no evidence of treatment to either leg, there is no evidence of injury to either leg, and there is no evidence of disability to the legs * * *. No such history was given to Dr. Tannehill prior to the accidental injury of October 27, 1964; Dr. Carlo Scuderi was not given any such complaints of pain nor did he have any findings of disability to the legs." But these contentions, which relate to the presence of leg injury, are inconsistent with the evidence, even if we consider only Dr. Scuderi's testimony and the records which were presented on the respondent's behalf. The claimant's clinical history at St. Elizabeth's Hospital attests to the fact that, at the time of his admission there under Dr. Scuderi's care, he complained to Dr. Scuderi about a low back pain with "radiation of pains down into thigh." As a result, as the physician's orders and physical therapy record reveal, Dr. Scuderi advised and the claimant received "daily heat, massage to back and both legs." Before the arbitrator, Dr. Scuderi testified that he noticed a "limp of the left leg," which was still present when the claimant was discharged on June 30, 1964.

While Dr. Scuderi, who re-examined the claimant on May 7, 1965, indicated that he thought claimant's condition was temporary, other testimony was to the contrary. The claimant's statement to the arbitrator, "[t]he pain is always there and always very bad in my two legs," is evidence competent to sustain an award. (*Shell Oil Co.* v. *Industrial*

*Com., 2* Ill.2d 590, 597.) And Dr. Samuel R. Rubert, who testified for the claimant and whose findings included right and left leg sciatica, nerve root irritation, and right and left leg radiculitis, was of the opinion "that a permanent condition exists." When "expert witnesses disagree * * * [we] will not undertake to determine with technical accuracy where the preponderance of the evidence lies, for that determination is pre-eminently a function of the Industrial Commission. (*J. I. Case Co.* v. *Industrial Com.,* 378 Ill. 132; *Chicago, Wilmington & Franklin Coal Co.* v. *Industrial Com.,* 400 Ill. 60.)" *Railway Express Agency* v. *Industrial Com.,* 415 Ill. 294, 302. See also *Bethlehem Steel Co.* v. *Industrial Com.,* 6 Ill.2d 290.

With reference to causation, the respondent first contends that the claimant "has not sustained the burden of proof in showing that his complaints are related to the accidental injury of April 24, 1964 * * * The very proof of this is that * * * [the claimant] did return to work in a laboring capacity * * *." The respondent also asserts that in any event the chain of causation was broken by an "independent intervening force," so that the respondent is relieved of liability.

It is clear, however, that enough evidence was presented to sustain a chain of causation between the claimant's present disabilities and his injury while employed by the respondent. It has often been held that a claimant's return to work after an accident is not determinative of causation between the accident and subsequent disability. See *City of Collinsville* v. *Industrial Com.,* 36 Ill.2d 425, and *Simpson Co.* v. *Industrial Com.,* 337 Ill. 454.

In this case Dr. Rubert testified "that a causal relationship between the accident of December 27, 1963 and April 25, 1964 and the * * * present condition of ill-being would exist." This position is supported by a letter from Dr. Tannehill to another doctor, which said, "This man's

primary injury was while he was working for Jewel Tea Company, and I am certain that this is a recurrence of the same condition."

The respondent also argues, however, that it is relieved of liability since "[i]t is apparent from the medical testimony that there has been an intervening cause to interfere with the chain of events * * * After 8 weeks of this work, * * * [the claimant] reported an accidental injury to the City of Chicago * * * At that time, * * * [the claimant] gave a history of lifting a can of garbage and experiencing sudden sharp pain in his back which rendered him unable to move. * * * The City of Chicago provided hospitalization and benefits to [the claimant] * * * and supplied him with a back brace."

But the claimant testified, "That day I was in very bad pain, that morning and as the day was progressing on I was getting worse. I couldn't walk or I was feeling very severe pain in my back and two legs." We cannot hold as a reviewing court that the claimant's words and actions towards the city of Chicago indicate that lifting the garbage can caused the pain. A notation on his card at the Wright Clinic reads, "this is considered 4th re-occurrence," and at the Walther Memorial Hospital, he gave a history of previous back trouble. Conversely, the city's payment of medical benefits can not be interpreted to mean that the city admitted its liability for the claimant's disability. Ill. Rev. Stat. 1963, chap. 48, par. 138.8(a); *Colclasure* v. *Industrial Com.*, 14 Ill.2d 455; *Madsen* v. *Industrial Com.*, 383 Ill. 590.

Moreover, in this case, both Dr. Scuderi and Dr. Rubert testified that any trivial action such as getting out of bed could be sufficient to reactivate the claimant's condition, as getting out of bed had in fact caused one recurrence. As a result of this testimony and other evidence, the Commission could have concluded that the accident would have occurred whether or not the claimant was working as a laborer for the city. The inferences drawn by the Com-

mission are not lightly to be disturbed by this court on review. See, *e.g., City of Collinsville* v. *Industrial Com.,* 36 Ill.2d 425; *City of Rockford* v. *Industrial Com.,* 34 Ill.2d 142; and *Railway Express Agency* v. *Industrial Com.,* 415 Ill. 294.

We have closely examined the record, and we conclude that the Industrial Commission's decision is not against the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*