(No. 41181.—

ARLAN L. GOULD *et al.,* Appellants, *vs.* THE INDUSTRIAL COMMISSION *et al.*——(George Skaggs, Appellee.)

*Opinion filed September 24, 1968.*

ANTHONY C. RACCUGLIA, of La Salle, for appellants.

BERRY & O'CONOR, of Streator, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

Following a hearing on an application for benefits filed with the Industrial Commission, an arbitrator awarded the appellee and claimant, George Skaggs, 60 weeks compensation, as provided by section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1965, chap. 48, par. 138.8(d)), for a fractured vertebra suffered while he was employed as a truck driver for the appellant trucking company. Temporary total disability compensation was also granted. On review, while the Industrial Commission confirmed the award of temporary total disability, it awarded the claimant 288 weeks of compensation for permanent partial incapacity and set aside the award of 60 weeks of compensation which had been granted by the arbitrator. The basis for enlarging the award was the finding that the injuries sustained caused the petitioner to become "partially incapacitated from pursuing his usual and customary line of employment" with a correlative loss of earning power.

(Ill. Rev. Stat. 1965, chap. 48, par. 138.8(d).) The employer has appealed from the affirmance by the circuit court of LaSalle County of the Commission's award for permanent partial incapacity.

It was stipulated before the arbitrator that the claimant sustained an accidental injury which arose out of and in the course of his employment and the employer does not here question the grant of temporary total disability. The employer in challenging the Commission's award for permanent partial incapacity and asking that the decision of the arbitrator be reinstated, complains that the Commission's ruling is unsupported by competent and sufficient evidence and that it is manifestly against the weight of the evidence and is based upon imagination, speculation and conjecture.

On February 20, 1964, the claimant was driving a truck of the appellant from Streator to Aurora when the truck's left front tire blew, sending the vehicle off the road and into a ravine. It is not disputed that in the accident the claimant suffered a compression fracture of the ninth thoracic vertebra.

The only witnesses at the hearing were the claimant and his physician, Dr. James Scott. The physician testified that he first examined the claimant on February 24, 1964, and that X rays revealed that Skagg's ninth thoracic vertebra had been compressed into a flat body, rather than being square, as is normal. Doctor Scott prescribed a brace, which claimant wore for a number of months, and medication to ease the pain and serve as a muscle relaxant. He continued treating the claimant until May 7, 1965. During this entire period, the doctor stated, the appellee's complaints of back cramps, headaches, nervousness and poor sleep persisted and the objective condition occasioning the headaches and back complaints was persistent muscle spasms in the muscles along both sides of the thoracic spine. On January 17, 1965, the doctor had authorized resumption of light work by the

claimant. The claimant testified that in February, 1965, he twice attempted to resume his employment by the appellant as a truck driver but he was unable to continue as a driver because of pains in his back, headaches and nervousness. Thereafter, Skaggs remained unemployed until November, 1965, when he obtained office employment.

Doctor Scott stated that as of the claimant's last visit to him on May 7, 1965, the fracture then had healed as well as might be expected and he also said that the claimant's difficulties were greater than are ordinarily associated with this kind of injury. However, the doctor testified that on that date the claimant's "back pain, nervousness and headaches persisted. And I was unable to return him to his regular work [operating a truck], but I felt there was nothing further medically to be done." When Doctor Scott's opinion as to the permanence of the condition was requested the employer's attorney objected, and though the objection apparently was not ruled upon, the question was not renewed. When questioned whether the appellee's complaints were a result of his injury the doctor gave the limited reply that the claimant's complaints began after the injury was sustained.

The claimant, who was 36 years old when the accident concerned occurred, testified that he had been a truck driver for about 20 years and had always enjoyed good health. He testified at the hearing on September 6, 1966, that he was still experiencing severe back pain, headaches, numbness in his hands and right leg, and some limitation of mobility in his right shoulder due to soreness. Further, he related, after commencing work in an office in November, 1965, he drove a truck on a regular route on 6 or 7 occasions, the last time being July, 1966, but driving had to be discontinued, as each time painful headaches and back pain would develop. The evidence showed, too, that his truck driving had included unloading duties. Skaggs stated that

after the injury his lifting ability was significantly diminished and that he had resigned from one employment because he was unable to do the lifting the job required.

The claimant's testimony was that after he was discharged from his physician's care in May, 1965, he didn't obtain employment in an office until November, 1965, seemingly because his occupational qualification was limited to truck driving. At the time of the hearing the claimant was employed in an office capacity for a trucking firm and was earning $175 a week. It was stipulated that at the time of the accident about 2½ years earlier he had been earning $239 weekly, as a truck driver.

Certain observations are appropriate. The object of the concerned first paragraph of section 8(d) of the Act is to compensate an injured employee for his decreased earning capacity. (*Sroka* v. *Industrial Com.,* 412 Ill. 126, 128; see *Sampson* v. *Industrial Com.,* 33 Ill.2d 301, 303.) It is fundamental that it is the province of the Industrial Commission to determine the facts and draw reasonable inferences from competent evidence in the record. This court's role is confined to a determination of whether the findings of the Commission are contrary to the manifest weight of the evidence. (*Overland Construction Co.* v. *Industrial Com.,* 37 Ill.2d 525, 531.) Accordingly, we will not discard permissible inferences drawn by the Commission merely because we might have drawn other inferences from the facts. (*City of Rockford* v. *Industrial Com.,* 34 Ill.2d 142, 144; *Republic Steel Corp.* v. *Industrial Com.,* 33 Ill.2d 506.) To sustain an award of the type here concerned, it is not always necessary that a medical expert make a categorical statement that the disability is permanent. (See *Republic Steel Corp.* v. *Industrial Com.,* 33 Ill.2d 506, 509, 510; *Nollau Nurseries, Inc.* v. *Industrial Com.,* 32 Ill.2d 190, 193, 194; see also Larson, Workmen's Compensation Law, section 79.50.) Also, the testimony of a claimant as to his physical condition and the effect of his injuries on his ability

to perform his usual duties is competent and can support an award. (*Jewel Tea Co.* v. *Industrial Com.*, 39 Ill.2d 180, 184; *Shell Oil Co.* v. *Industrial Com.*, 2 Ill.2d 590, 597; see also Larson, Workmen's Compensation Law, sections 79.00, 79.51, 79.53.) Too, the passage of a long period of time without substantial improvement may justify a finding that a disability is lasting. *Overland Construction Co.* v. *Industrial Com.*, 37 Ill.2d 525, 531; *Armour Grain Co.* v. *Industrial Com.*, 323 Ill. 80.

Here, it is clear from the medical and the claimant's testimony that serious injury and lingering impairment did occur. Prior to the injury the claimant was in good health and had been a truck driver for 20 years, all of his adult life. Following the accident the record shows that the claimant experienced serious back difficulties, severe headaches and other symptoms which were persisting at the time of the hearing, some 30 months after the injury. Also, evidence was received to show that the claimant was physically unable to return to his former occupation as a truck driver. He showed, too, a loss of earning power by satisfactory proof that he was no longer employed as a truck driver, but was working in an office capacity at a diminished salary.

We deem that ample and satisfactory evidence was presented from which the Commission could reasonably infer that the claimant's condition resulted from the injury and that it rendered him partially incapacitated from pursuing his regular and usual occupation with a correlative reduction in earning power.

We are unpersuaded that the holding of the Commission was in disregard of the manifest weight of the evidence. The judgment of the circuit court of LaSalle County is affirmed.

*Judgment affirmed.*