(No. 43295.—

ANSON E. SABATINI, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(O. D. M. TOOL & MFG. CO., INC., Appellee.)

*Opinion filed April 1, 1971.*

V. J. LISS and JAMES JENNINGS, both of Chicago, for appellant.

KANE, DOY & HARRINGTON, of Chicago, (ARTHUR O. KANE, of counsel,) for appellee.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Anson E. Sabatini, appeals from the judgment of the circuit court of Cook County confirming the decision of the Industrial Commission denying him compensation and dismissing his application for adjustment of claim.

At the hearing before the arbitrator, petitioner testified that on February 25, 1965, he arrived at work about 6:40 or 6:45 A.M. and punched the time clock. The work day began at 7:00 A.M. Because it had snowed heavily the night before, in order to clear a way for employees coming off the parking lot, he shoveled snow from around the door to the plant for about five minutes. When he started to return to his work bench, he felt a severe pain across his chest. Because of the severity of the pain, he sat down at his work bench to rest.

His foreman came to his bench and told him an overhead door was broken and asked petitioner to help open it. He replied, "Joe, I just got through shoveling snow in the back of the garage, and I don't know what to say, I just can't breathe, I am in pain." The foreman then asked him to show him how to operate the door, so he climbed a ladder, tripped a lever on the motor for the door, climbed back down and pulled a chain to open the door. Because he was still in pain and having trouble breathing, he was taken to Memorial Hospital in LaGrange, where he was treated by Dr. Conrad Fischer, an internist.

Petitioner further testified that he was a maintenance man, that his duties included repairing machinery in the plant and general maintenance, and that he had not been specifically instructed to shovel snow. Snow was usually

cleared by the janitors or by an outside service hired for that purpose.

The foreman at the plant testified the employee time cards showed that while petitioner usually "punched in" fifteen to twenty minutes before 7:00 A.M., on February 25 he had punched in at 6:59 A.M. He had never told petitioner to shovel any snow, nor did he remember any snow having been shoveled when he arrived at the plant shortly after 7:00 A.M. He denied petitioner was asked to work on the overhead door, and said the only time he saw him that day was when he saw him sitting at his bench complaining of feeling ill. This was shortly after the witness arrived at the plant.

Dr. Fischer testified he first saw petitioner at 7:30 A.M. on February 25 at the hospital, and received a history of his having had chest pains for several hours. The history also indicated petitioner had experienced chest pains several days before. He recited the treatment rendered petitioner during a 28-day period of hospitalization, the course of his convalescence, and stated that in his opinion "there was a causal relationship in that the shoveling of the snow precipitated the acute myocardial infarction." The doctor also testified as to the amount of his bill and that the hospital bill of $918 was fair and reasonable.

The arbitrator found that petitioner sustained accidental injuries arising out of and in the course of his employment and awarded him $52 a week for a period of 28 weeks, that being the period of petitioner's temporary total incapacity for work, and that petitioner did not sustain any permanent disability. In addition to the compensation, he awarded petitioner $1,233.32 for necessary first aid, medical, surgical and hospital services.

Both petitioner and respondent petitioned for review. On review, petitioner and Dr. Fischer testified, and respondent offered no evidence. The testimony before the Industrial Commission described petitioner's condition since the hear-

ing on arbitration and did not pertain to the occurrence out of which the claim arose. The Industrial Commission found that petitioner failed to prove he sustained accidental injuries arising out of and in the course of his employment. Petitioner sought *certiorari* and the circuit court, finding "that the decision of the Industrial Commission is not contrary to the manifest weight of the evidence nor contrary to the law", confirmed the decision. Pursuant to our Rule 302, petitioner appeals directly to this court.

In *Gould* v. *Industrial Commission,* 40 Ill.2d 548, the court said at page 552: "It is fundamental that it is the province of the Industrial Commission to determine the facts and draw reasonable inferences from competent evidence in the record. This court's role is confined to a determination of whether the findings of the Commission are contrary to the manifest weight of the evidence. (*Overland Construction Co.* v. *Industrial Com.,* 37 Ill.2d 525, 531.) Accordingly, we will not discard permissible inferences drawn by the Commission merely because we might have drawn other inferences from the facts."

From our review of the record we are unable to say that the findings of the Industrial Commission are contrary to the manifest weight of the evidence. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*