(No. 44682.― )

A. O. SMITH CORPORATION, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(William Lievers, Appellee.)

*Opinion filed May 22, 1972.*

LUEDERS, ROBERTSON & KONZEN, of Granite City (IRVIN C. SLATE, JR., of counsel), for appellant.

C. E. HEILIGENSTEIN, of Belleville, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Pursuant to a petition filed by the employee under section 19(h) of the Workmen's Compensation Act (Ill.Rev.Stat. 1969, ch. 48, par. 138.19(h)), the Industrial Commission reviewed an award that had previously been made to the petitioner. The Commission found that subsequent to the award the disability of the petitioner had increased to the extent that he has now suffered the complete loss of the right leg as a result of the original injury on May 5, 1966, and increased the amount of the award. The circuit court of Macoupin County confirmed the decision of the Industrial Commission.

Petitioner, William Lievers, was employed by A. O. Smith Corporation. While at work on May 5, 1966, he bumped his right shin in an area 5 or 6 inches above the ankle, leaving a knot thereon. Several doctors treated petitioner but the leg remained red and swollen. In September of 1967, one of his treating physicians referred him to Dr. Harvey Butcher, a vascular surgeon. When treatment failed to relieve the inflammation, Dr. Butcher, in December 1967, excised a 6 by 5 by 5½ centimeter area of skin and subcutaneous tissue from the injured portion of petitioner's right leg. The excised area was covered by a split-thickness skin graft. Healing left a permanent

depression and some scarring on the leg. The swelling and inflammation did not abate.

On August 28, 1968, the arbitrator awarded the petitioner compensation for 20 percent permanent disability of the right leg. On July 9, 1969, the Industrial Commission on review affirmed the arbitrator's award.

On June 24, 1970, Dr. Butcher amputated petitioner's right leg about 5 inches below the knee. A petition was filed for an increased disability award under section 19(h) of the Workmen's Compensation Act, and on October 14, 1970, a hearing was held before a commissioner. The Commission increased the petitioner's award and found that as a result of the original injury he had suffered a complete loss of his right leg by amputation. The respondent appeals to this court from the order of the circuit court of Macoupin County confirming the Industrial Commission's decision.

The sole issue presented for review is whether the Industrial Commission's decision that the increased disability was caused by the original accident is against the manifest weight of the evidence. The employer argues that at the hearing on employee's section 19(h) petition, no proof was offered that the original trauma caused his increased disability. Also the employer contends that there was no medical evidence to establish a causal connection between the May 5, 1966, trauma and the amputation on June 24, 1970.

The employer bases its contention on the language of one sentence of a letter from Dr. Butcher written following the amputation. The letter was introduced in evidence at the hearing before the commissioner. The sentence reads: "I have not changed my opinion concerning the relationship of his subcutaneous disease to the original trauma." The employer, contending that this sentence reflects the doctor's opinion that there was no causal connection between the original trauma and the amputation, refers to a part of the deposition of Dr.

Butcher which had been introduced before the arbitrator at the hearing on the original application for adjustment of claim for the original injury. The part of the deposition the employer focuses upon reads as follows: "Question: Doctor, when you indicate that this possibly could develop phlebitis in this area, would you have an opinion with a reasonable degree of medical certainty whether the occurrence would relate back to the original trauma described to you in the history? Answer: At the present time in view of the period now of several months without any symptoms I would not relate that—the possible occurrence of such an episode to the original trauma."

However, it is not appropriate in ascertaining the meaning of the quoted sentence from the doctor's letter to consider only this small portion of his previous deposition. It is noted that in this same deposition we find the following: "Question: *** do you have an opinion with a reasonable degree of medical certainty whether or not the condition you found and treated Mr. Lievers for could or might be connected with trauma given you in the history? Answer: I believe that it was."

It is fundamental that the petitioner has the burden of proving all of the elements of his right to recover by a preponderance or a greater weight of the evidence. The right to recover must arise out of facts thus established and may not be based on speculation or conjecture. *Deere and Co. v. Industrial Com., 47 Ill.2d 144, 149; A. O. Smith Corp. v. Industrial Com., 33 Ill.2d 510, 513.*

It is also fundamental that it is the province of the Industrial Commission to determine the facts and to draw reasonable inferences from competent evidence in the record. The court's role is confined to a determination of whether the findings of the Commission are contrary to the manifest weight of the evidence. *Gould v. Industrial Com., 40 Ill.2d 548, 552; Deere and Co. v. Industrial Com., 47 Ill.2d 144, 149.*

This court has also held that interpretation of the

testimony of medical witnesses is particularly within the province of the Industrial Commission *(City of Herrin v. Industrial Com., 40 Ill.2d 554, 556; Bethlehem Steel Co. v. Industrial Com., 6 Ill.2d 290),* and that the testimony of the petitioner as to his physical condition is competent to sustain an award. *Jewel Tea Co. v. Industrial Com., 39 Ill.2d 180, 184; Gould v. Industrial Com., 40 Ill.2d 548, at 552; Deere and Co. v. Industrial Com., 47 Ill.2d 144, 149.*

In addition to the letter from Dr. Butcher the Commission had for consideration the testimony of the petitioner. His testimony was that from the date of the original award to the date of the amputation he continued to receive medical treatment from Dr. Butcher and other doctors for the injury he sustained at work. He continued to receive the same kind of treatment to the same place on his leg which he had received prior to the original award. His leg "would just never heal right. It would just keep getting infected inside the leg where it was bumped." Finally, because of this condition they had to amputate the leg. The employer offered no evidence to contradict the petitioner's testimony. The Industrial Commission could properly draw the inference from this testimony that the increased disability was the result of the original injury.

Likewise, the employer offered no medical evidence to show that the increased disability did not result from the original injury. The employer relies solely on the narrow and restricted interpretation of the one sentence in Dr. Butcher's letter which, when read in the light of his entire previously given deposition, does not compel the acceptance of the interpretation which the employer urges. It was within the province of the Industrial Commission to draw inferences from this medical testimony, as well as from the testimony of the petitioner, and to determine the proper interpretation of the one sentence of Dr. Butcher's letter. Obviously, it did not choose to interpret this sentence solely in the light of the restricted portion of the

538

deposition for which the employer contends. We do not find the inferences which it has drawn and the findings which it has made to be contrary to the manifest weight of the evidence. The judgment of the circuit court of Macoupin County is affirmed.

*Judgment affirmed.*