(No. 45978.—

IVAN BROWN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Briggs Manufacturing Company, Appellee.)

*Opinion filed May 29, 1974.*

Perz and McGuire, of Chicago (Frank M. Perz and James C. Serkland, of counsel), for appellant.

314

Bayler and Noetzel, of Peoria, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Claimant, Ivan Brown, sought workmen's compensation for an accidental injury purportedly arising out of and in the course of his employment with Briggs Manufacturing Company (hereinafter Briggs). The arbitrator awarded claimant compensation for temporary total disability in the sum of $66 per week for 7 6/7 weeks. However, no further award was granted to claimant for he "failed to prove any permanent disability, on account of the aforesaid injuries for which compensation was payable." The Industrial Commission confirmed, and on *certiorari* to the circuit court of Knox County the decision was sustained. The issue presented was whether the Commission's decision was proper based upon the evidence presented.

Claimant was employed at Briggs as a mold maker where his duties included the preparation of a plaster mix which was poured into plastic forms to make the molds. On July 14, 1969, he was lifting a galvanized iron bucket of mixture, weighing approximately 100 to 160 pounds to shoulder level in order to put it into a form when he experienced a pulling, burning sensation on the right side of his groin. He informed his foreman but continued to work to the end of his shift despite the continuation of the pulling sensation.

The next day he was examined by Dr. J. W. Packard, the company physician. Dr. Packard testified that his examination revealed that claimant was suffering from epididymitis. This was an inflammation of the right epididymis, a structure on one side of the testicle which accumulates sperm before it is passed through the system. Dr. Packard hospitalized claimant and an epididymectomy was performed. This surgical procedure required the severance and removal of a portion of the right epididymis

and a tying off of its spermatic cord. Claimant returned to work in September, 1969, and he complained of pain in his scrotum.

Dr. Packard was of the opinion that direct trauma such as a blow to the testicle could cause epididymitis, but it was not probable that indirect trauma, such as a strain, could be the cause. He said that there was no causal connection between the lifting incident and the epididymitis.

Evidence further established that claimant's right testicle had atrophied and, while this testicle could still possibly produce sperm, the sperm could not be passed through the system since the duct was severed. This condition is permanent. Claimant's operation did not affect the hormone-producing function of the testicle, but the fact that the testicle had atrophied might indicate that hormone production was decreased.

Dr. Michael Reiffel testified on behalf of the claimant. In response to a hypothetical question, he stated that claimant's condition could be causally related to his accidental injury. Dr. Reiffel did concede during cross-examination that he had not examined the claimant until six months after the accident and he was uncertain as to the cause of the epididymitis.

Hospital records were presented which indicated that in 1947 claimant underwent surgery for a hernia on his right side and that in 1961 he had had a cyst removed from his right testicle. The records further revealed that since 1961 claimant had experienced several bouts of epididymitis. The medical testimony reflects that epididymitis may not always be completely cured and is frequently recurrent.

Based upon this evidence the arbitrator entered the aforesaid award noting that Briggs had previously paid $518.57. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(b)(6).) The amount of the award coincided with this payment, which Briggs contends was voluntarily made.

Claimant maintains that the award he received was based on the time period during which he was incapacitated as a result of the accident he sustained and the surgery performed. He argues that he should be awarded compensation for the complete loss of use of the testicle. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)(15).) Basically his position rests upon his conclusion that the award for total temporary disability is inconsistent with denial of an award for permanent disability caused by the surgery.

In support of his position claimant cites *Northwestern Barb Wire Co. v. Industrial Com.*, 353 Ill. 371, and *Moushon v. National Garages, Inc.*, 9 Ill.2d 407, to the effect that the permanent and complete loss of use of a testicle for reproductive purposes is compensable. Briggs argues that claimant failed to sustain his burden that the condition of his right testicle was causally related to his injury. It maintains that the "7 6/7 weeks referred to in the award was a voluntary payment made by the employer [Briggs] prior to the commencement of litigation. The decision of the Commission merely reflects that voluntary payment. This is the usual and customary practice of the Commission and certainly no such recitation of a payment voluntarily made should necessarily be followed by a finding of permanent disability."

We have often said that a claimant bears the burden of proving the necessary elements which permit an award. (*A. O. Smith Corp. v. Industrial Com.*, 51 Ill.2d 533, 536.) In order to recover a claimant must establish that the condition was causally related to the accident. (*Excelsior Leather Washer Co. v. Industrial Com.*, 54 Ill.2d 318, 326.) Where there is conflicting medical testimony concerning causal connection, the Commission's determination will not be disturbed unless it is contrary to the manifest weight of the evidence. *Ford Motor Co. v. Industrial Com.*, 55 Ill.2d 549, 554; *Saldana v. Industrial Com.*, 53 Ill.2d 222, 225.

The dispute in this instance derives from the award for total temporary incapacity during the period claimant was not working due to the surgery. Claimant has directed our attention to *Quick v. Industrial Com.,* 53 Ill.2d 46, 49-50, which held that the Commission's decision was inconsistent when it sustained an award for temporary total incapacity yet refused to award medical expenses resulting from the disability or compensation for permanent disability. He asserts that *Quick* is comparable to the present case. There the question pertaining to the extent of disability was established by the uncontroverted testimony of the employee's physician. No issue of causal relationship was raised, and undisputed medical evidence established a causal connection between the employee's condition and the injury.

In the present case the record presents conflicting medical evidence as to the causal relationship between the injury and the epididymitis which was subsequently discovered. In view of claimant's prior medical history, we believe that there is ample evidence that his condition resulting in the surgical severance of the right epididymis was not causally connected to any work-related injury. The Commission's decision was not contrary to the manifest weight of the evidence.

It may be argued that claimant's award for temporary total incapacity was at variance with this conclusion and that said award should be vacated. Further discussion of the matter, however, is unnecessary because Briggs did not raise the matter before the Commission or the circuit court, and in its brief filed herein it urges that the Commission's decision was not improper.

Accordingly, the judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*