ANGEL MARTINEZ, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Seeburg Corporation, Appellee.)

*Opinion filed November 27, 1974.*

Robert A. Wiacek, of Chicago, for appellant.

Kane, Doy and Harrington, of Chicago (Steven H. Shanok, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Angel Martinez, appeals from the judgment of the circuit court of Cook County confirming the decision of the Industrial Commission. In the hearing

before the arbitrator for the Industrial Commission, petitioner and Seeburg Corporation, respondent, had stipulated that petitioner sustained accidental injuries arising out of and in the course of his employment by respondent, that he had been paid temporary total compensation for 4/7ths of one week, that no further temporary total compensation was claimed and that "the sole matter in dispute is the nature and extent of the injury." The arbitrator found that petitioner had "failed to prove that he sustained any permanent disability" as the result of the accident. On review the Industrial Commission affirmed the decision of the arbitrator, on *certiorari* the circuit court confirmed the Commission's decision, and this appeal followed.

The testimony shows that while petitioner was employed by respondent as a punch-press operator he lifted a box that contained metal pieces, and which weighed approximately 190 pounds. He felt pain in his back. He was sent to a clinic and was given pills and a heat treatment. During the following 10 days he went to the clinic three times and was given pain pills, heat treatments and a rib binder. Approximately 12 days after the accident petitioner returned to work and for several days did light jobs such as sweeping and other light work. At the time of the hearings before the arbitrator and on review he was still employed by respondent. He testified that while he had retained his employment classification as a punch-press operator he had, since the accident, been assigned to less strenuous duties, such as sweeping the floor and operating smaller presses.

Two physicians testified before the arbitrator, one called by petitioner and the other by respondent. Dr. Busch, called by petitioner, testified that he had examined petitioner approximately six weeks after the accident and made a diagnosis of "bilateral lumbosacral sprain with radicular radiation of spasm into both sides." In response to a hypothetical question he stated that in his opinion

there was a causal relationship between the accident and the condition which he diagnosed and that the condition could be permanent. Dr. Zurfli, called by respondent, testified that he had examined petitioner on two occasions, the first time approximately 10 days after the accident and the second approximately 10 months later. He stated that he found "developmental" defects in petitioner's back but no evidence of trauma.

In *Gould v. Industrial Com.*, 40 Ill.2d 548, the court said at page 552: "It is fundamental that it is the province of the Industrial Commission to determine the facts and draw reasonable inferences from competent evidence in the record. This court's role is confined to a determination of whether the findings of the Commission are contrary to the manifest weight of the evidence. (*Overland Construction Co. v. Industrial Com.*, 37 Ill.2d 525, 531.) Accordingly, we will not discard permissible inferences drawn by the Commission merely because we might have drawn other inferences from the facts."

From our review of the record we are unable to say that the findings of the Industrial Commission are contrary to the manifest weight of the evidence.

Petitioner has argued that certain alleged misconduct on the part of the arbitrator was so prejudicial as to require reversal of the judgment and remandment to the Industrial Commission for another hearing. We have examined the record and find his contentions to be without merit. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*