(No. 46305.—

CHARLES E. MOORE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Chrysler Corporation, Appellee.)

*Opinion filed March 24, 1975.*

198

GOLDENHERSH, J., took no part.

Tuite, Morrissey, Gesmer & Finnegan, of Rockford (Jason N. Gesmer and Gerald F. Tuite, of counsel), for appellant.

Williams, McCarthy, Kinley, Rudy & Picha, of Rockford (Richard R. Haldeman, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Winnebago County which confirmed the Industrial Commission's finding which denied Charles Moore's claim for compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(a), (b), (d), (e)) on the ground that he failed to prove that he had sustained accidental injuries arising out of and in the course of his employment.

The issue presented is simply whether the Commission's finding is contrary to the manifest weight of the evidence.

The claimant, an employee of Chrysler Corporation,

worked on an automobile assembly line correcting defects which would cause water leaks. On March 2, 1970, when working on the vent wing of an automobile, he placed one foot against the side of the automobile and pulled the top of the vent wing back to insert a sealing compound. However, the bracket that held the vent wing in place snapped and caused the claimant to fall backwards and land on his buttocks. Eldon Boozell, his foreman, who saw him fall, asked if he was injured. The claimant said he was all right and finished his shift. He did not miss work until May 11, 1970, when his physician, Dr. Woodington, told him to enter the hospital to have a pilonidal cyst located at the lower portion of his back removed.

On May 21 Dr. Woodington and Dr. Allen Tuftee removed the cyst. The pain in the claimant's back and legs gradually worsened, and on June 30, 1970, the claimant was referred to Dr. Tuftee by Dr. Woodington. Dr. Tuftee diagnosed the condition as recurrent lumbar strain aggravated by the surgery. He had the claimant admitted to Beloit Memorial Hospital on July 22, 1970, and placed in traction. A myelogram was taken which revealed a ruptured intervertebral disc. Dr. Tuftee performed a laminectomy in the L5-6 area, but pain in the claimant's lower back and legs persisted, and a second laminectomy and spinal fusion in the L5-6 area were performed in December 1970. The claimant returned to work in February 1971. In April 1971 he reinjured his back in another fall and missed three weeks of work. It is agreed that this accident is not involved and not to be considered in the cause on appeal.

At the hearing before the arbitrator the claimant testified that he first injured his back while working as a foundry worker for Fairbanks Morse in May 1968. He said that he experienced pains in his lower back and legs and missed six days from work. He consulted Dr. Allen Tuftee shortly after he returned to work, and medication was prescribed for his pain. He did not file a claim for

workmen's compensation.

In June 1968 the claimant was employed by the Chrysler Corporation, the respondent here. He admitted that when he filled out a medical history in his application for employment he did not indicate that he had any previous back problems. He testified he had also visited Dr. Tuftee in August 1968 and complained of pain in his back and leg. He said that when he fell on March 2, 1970, he did not feel any pain. However, he said he later began to experience pains in his lower back that radiated down to his legs. The pain became so severe that he contacted Dr. Woodington on May 11, 1970, and had the pilonidal cyst removed. The pain did not subside, and he later had to undergo the two back operations. At the time of the hearing he said that he had pains in his lower back and legs whenever he walked, sat or coughed.

On cross-examination he admitted that he had never contacted the respondent's medical department about the accident. He further admitted that he answered "unknown" on two group insurance forms asking the cause of his injury. One of these forms was completed on May 11, 1970, and it described the nature of the disability as a cyst on his "tail bone" and the date and cause of the injury as unknown. The other form, which was filled out after the first laminectomy, stated that the disability was caused by a disc removal, and it stated that the date and place of injury were unknown. However, on a third form, which was filed one year after the accident involved here and after he had filed a workmen's compensation claim, the claimant indicated that his disability was caused by a back injury sustained in an accident that occurred on March 15, 1970. The date of the accident was later amended to March 2, 1970.

Eldon Boozell, the claimant's foreman, testified that he was standing near the claimant when he fell on his buttocks. The claimant told him that he was not hurt and refused to go to the nursing station. About one week later,

he said, the claimant mentioned that his back was bothering him. On cross-examination he said the claimant had complained about back problems months prior to the accident.

Dr. Allen Tuftee, testifying by a deposition in behalf of the respondent, said he first began treating the claimant in May of 1968. The claimant told him then that he had pains in his lower back and had episodes of numbness in his left lower extemity. Dr. Tuftee diagnosed the condition as one of lumbar strain. He next saw the claimant on May 21, 1970, when he assisted at the pilonidal-cyst surgery. The claimant's pain began to worsen after the operation, and he said the claimant came under his care on June 30, 1970, at which time the claimant did not mention that he had been in an accident when he gave his medical history. He further testified that the attending physician's statement which he filled out after the first laminectomy stated that the claimant's condition did not arise out of his employment. He said that when he last examined the claimant in December 1971 the claimant complained of pain when he walked or stood for prolonged periods of time.

The arbitrator found for the respondent on the ground that the claimant failed to prove a causal connection between the accident of March 2, 1970, and his condition.

At the hearing on review before the Industrial Commission the claimant testified that at that time he was suffering from constant pain in his lower back and legs. In June 1972, he testified, he was assigned as an automobile inspector at the respondent's plant, an assignment which does not require lifting or bending.

Dr. Robert C. Busch, a specialist in traumatic surgery, testifying for the claimant, diagnosed his condition as spasm and resistance in the lumbosacral, sciatic and lumbar iliac areas, strain injury in the 3rd and 4th levels of the lumbosacral spine, disc profusion in the 5th level, and

lumbosacral nerve root irritation in the right and left sciatica and disc. This condition, he said, limited the claimant's back motion and caused pain in his lower back and legs. In response to a hypothetical question, he said that in his opinion there could be a causal connection between the claimant's condition of ill being which he described and the accident of March 2, 1970. He based his opinion on the premise that the ruptured disc was the cause of his difficulty and the accident either caused the ruptured disc or aggravated a pre-existing condition which caused the disc to rupture. He stated, however, that in his opinion the accident caused the disc to rupture. He further testified that the pilonidal cyst could not have been an aggravating factor in the claimant's condition of ill being and stated that in his opinion the claimant's condition was permanent.

Dr. Miller Henderson, an internist, testified for the respondent. He said the claimant told him that he had been suffering from pains in his lower back and legs for over a year when he examined him on July 25, 1970. The claimant, he said, did not mention the March 2, 1970, accident when he took his medical history. Dr. Graham Kerwein, a specialist in orthopedic surgery, also testified in behalf of Chrysler and said that the claimant did not mention the March 2, 1970, accident when he took his medical history and examined him on October 20, 1970.

Dr. Charles Richards, who also testified in behalf of the respondent, stated that he diagnosed the claimant's condition as ambulatory with an antalgic limp when he examined him on March 15, 1972. He stated that this diagnosis ruled out the possibility, in his opinion, that the claimant ruptured his disc when he fell on March 2, 1970, because the hospital records showed that the claimant had a long-standing condition of the disc in the lumbar region at the L4-5 level. He conceded that the accident could have aggravated a pre-existing injury, but in his opinion it did not. The pilonidal-cyst surgery, he said, could have

aggravated the disc because that operation considerably increased the pressure on the disc space.

In workmen's compensation cases the claimant has the burden of proving by a preponderance of the evidence that the injury complained of is causally related to his employment. (*Newgard v. Industrial Com.*, 58 Ill.2d 164, 169; *Brown v. Industrial Com.*, 57 Ill.2d 313, 316; *Hannibal, Inc. v. Industrial Com.*, 38 Ill.2d 473, 475.) It is clear from our holdings that "where the evidence is conflicting, or of such a nature that different inferences may be reasonably drawn therefrom, we will not disregard permissible inferences drawn by the Commission merely because it or we might have drawn other inferences from the facts." (*McIntire v. Industrial Com.*, 49 Ill.2d 239, 242; *Newgard v. Industrial Com.*, 58 Ill.2d 164, 169-170.) And where there is conflicting medical testimony concerning causal connection, the Commission's determination will not be set aside unless it is against the manifest weight of the evidence. *Brown v. Industrial Com.*, 57 Ill.2d 313, 316; *Saldana v. Industrial Com.*, 53 Ill.2d 222, 225.

Considering these standards and the evidence in this record, we cannot say that the finding of the Commission was contrary to the manifest weight of the evidence.

The medical testimony in this case was conflicting, but there was evidence in the record that the claimant had a degenerative disc problem, which caused him to suffer severe pains in his lower back for a considerable time before the accident. Dr. Richards gave his opinion there was no causal connection between the March 2, 1970, accident and the claimant's condition. Too, inconsistently with his claim here, the claimant, in making application for insurance benefits, stated that this condition of ill being was not connected with his employment. See *Orr v. Industrial Com.*, 47 Ill.2d 242, 243; cf. *Rockford Clutch Division, Borg-Warner Corp. v. Industrial Com.*, 37 Ill.2d 62, 68; *United States Steel Corp. v. Industrial Com.*, 8 Ill.2d 407, 413.

For the reasons stated, the judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.