(No. 47458.—

FORD MOTOR COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(James E. Demis, Appellee.)

*Opinion filed January 26, 1976.*

GOLDENHERSH and CREBS, JJ., took no part.

William P. Landon, of Chicago, for appellant.

Cooke and Lewis, Ltd., of Chicago (Lewis P. Gaines, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This is an appeal under our Rule 302(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 302(a), 58 Ill.2d R. 302(a)) by the employer-respondent, Ford Motor Company (Ford), from a judgment of the circuit court of Cook County, which affirmed a decision of the Industrial Commission that the employee-claimant, James E. Demis, had established his claim of temporary total disability under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(b)).

The claimant, an employee of Ford since September of 1962, was working as a material handler in December, 1971. Some time earlier (in March of 1968) he had slipped and twisted his back. This was a non-occupational injury. When he experienced severe pain in the lower back and in his legs, he consulted Dr. Albin A. Jahns, an orthopedic surgeon, who placed him in a flexion cast for a three-week period. Thereafter, he was fitted with a surgical corset and was able to return to work in April of 1968. In July of 1970, the claimant, complaining of severe back pains, entered Knox Hospital in Knox, Indiana, and was placed in traction. In October of 1970, he consulted Dr. Edward A. Mladick, who, after a study of X rays of the claimant's back and after taking a myelogram in November, performed a laminectomy at the L5-S1 interspace and a posterolateral spinal fusion in the L5-S1 area. The claimant was fitted with a spring cage brace which he wore continuously until August, 1971, and in October of 1971 he advised Dr. Mladick that it had become necessary to wear the brace when riding in a car. On November 18, 1971, he told Dr. Mladick he had experienced some discomfort when he was loading screens into the trunk of his car. Dr. Mladick examined the claimant and recommended that he return to his job as a material handler.

He returned to work on November 30, 1971, and worked a full eight-hour shift without incident. On December 1, 1971, he spent the morning moving 8½-foot-long, 40-pound comb rubber bars. The claimant's duties included lifting the bars from a dolly and stacking them on the floor. By 11 a.m., he had moved about 40 bars, and as he bent over to pick up another bar he felt severe pain in his lower back. He notified his foreman, who issued him an employee pass which allowed him to go to the plant's medical clinic. The nurse in attendance sent the claimant home.

The claimant testified he was unable to return to work. He saw Dr. Mladick in January, 1972, and the

physician, testifying through a deposition offered by the employer, said he had had X rays taken of the claimant's back. He testified that these revealed that there had not been a spinal fusion in the L5-S1 area and that a non-union, a failure of the bone to fuse, had occurred. Dr. Mladick performed a second spinal fusion in the area in May of 1972, and he said that from observations he made during the course of the second operation, he concluded there had not been a union following the first surgery. He admitted that he had taken X rays of the claimant's lower back before allowing him to return to work in November of 1971, and that he had concluded then that a solid fusion had occurred. He also acknowledged that the claimant's complaints of discomfort after activities such as riding in a car and lifting screens were common following surgery of the type performed in November of 1970 and did not necessarily indicate a non-union. He testified, too, that he sent claimant back to work in November of 1971, because he felt he would be able to return to his job as a material handler without any difficulty.

Dr. Anthony J. Sweeney, also a witness on behalf of the respondent, stated he examined the claimant in October of 1973, and was of the opinion that there had not been a fusion in the L5-S1 area after the first surgery.

Dr. Robert C. Busch, a surgeon, testified for the claimant. He examined the claimant on December 13, 1971, he said, and in response to a hypothetical question stated his opinion was that there could be a causal connection between the claimant's condition and the accident of December 1, 1971. He also said that the accident could have aggravated a previously existing condition. A premise for this opinion was that fusion had taken place in the L5-S1 area and that the claimant's lifting of the comb rubber bar would have caused a fracture or pulling apart at the fusion. Obviously referring to the testimony of Dr. Mladick, the witness said he doubted if it could be determined at the second spinal

surgery that there had not been a successful union following the first operation.

The employer makes several arguments which are reducible to a contention of an insufficiency of evidence to establish the employee's claim. The employer says the claimant failed to trace his injury to a definite time, place and cause; failed to establish a causal connection between his employment and his injury; and that the finding of the Industrial Commission was against the manifest weight of the evidence.

We consider the contentions are not supportable and that the Commission's finding was not contrary to the manifest weight of the evidence. Dr. Mladick testified that when he sent claimant back to work in November of 1971, he considered there had been a fusion and that the claimant could return to his old employment. The claimant testified that except for the discomfort he felt when he rode in an auto and when he lifted the screens, he felt fine and was able to perform his duties. He was undeniably able, when he returned to work on November 30, 1971, to do his job, for he did so without incident for a day and a half. Then according to the evidence, he suddenly experienced pain when he bent over to pick up the particular bar. The Industrial Commission could have reasonably inferred from the evidence that the claimant returned to work on November 30, 1971, capable of performing his duties. It could have considered the claimant was injured at a definite time and place from a definite cause, inferring from the evidence that he was injured on December 1, 1971, at the time he lifted the bar and felt severe pain. It is within the province of the Commission to resolve disputed questions of fact and draw reasonable inferences, and those inferences "are not lightly to be disturbed by this court on review." (*Jewel Tea Co. v. Industrial Com.,* 39 Ill.2d 180, 186-87.) "Where inferences drawn by the Commission can be said to be reasonable, this court will not discard permissible inferences drawn by the Commis-

342

sion merely because other inferences might have been drawn from the evidence." (*Warren v. Industrial Com.*, 61 Ill.2d 373, 376; *Moore v. Industrial Com.*, 60 Ill.2d 197, 203; *Martinez v. Industrial Com.*, 59 Ill.2d 258, 260.) There was conflicting medical testimony, but where this is so it is primarily for the Commission to decide which testimony to accept. *Johns-Manville Corp. v. Industrial Com.*, 60 Ill.2d 221, 228-29; *Moore v. Industrial Com.*, 60 Ill.2d 197, 203; *Motorola, Inc. v. Industrial Com.*, 47 Ill.2d 219, 222.

The question on judicial review is whether the finding of the Commission was contrary to the manifest weight of the evidence. (*Converters, Inc. v. Industrial Com.*, 61 Ill.2d 218, 223; *Illinois Institute of Technology v. Industrial Com.*, 60 Ill.2d 64, 71; *Brown v. Industrial Com.*, 57 Ill.2d 313, 316.) Considering the record, we cannot say that the finding of the Industrial Commission was contrary.

For the reasons given the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

GOLDENHERSH and CREBS, JJ., took no part in the consideration or decision of this case.