(No. 48045.-

ROY S. OLIVER, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Interlake Steel Corp., Appellant.)

*Opinion filed November 24, 1976.*

Robert H. Joyce and Robert E. Maciorowski, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Irvin L. Masching, of Roger B. Gomien, Ltd., of Dwight, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Roy S. Oliver, suffered accidental injuries while employed by respondent, Interlake Steel Corporation, and awarded him compensation for the permanent loss of 20% of the use of his left leg and temporary total compensation for 17 4/7 weeks. Respondent petitioned for review. The only additional evidence offered on review consisted of two exhibits introduced by petitioner and described as "Physician's final report and bill." The

Industrial Commission found that "Petitioner failed to prove that he sustained accidental injuries arising out of and in the course of his employment" and set aside the decision of the arbitrator. Petitioner sought *certiorari*. The circuit court of Livingston County, finding that the decision of the Industrial Commission was contrary to the manifest weight of the evidence, set it aside and ordered the reinstatement of the arbitrator's award. Respondent appealed. Rule 302(a).

Petitioner testified that while working with a fellow employee unloading pieces of steel weighing up to 150 pounds he felt pains in his back and cramps in his right leg. This occurred at 7 a.m. and at that time he had been working approximately seven hours. He notified his foreman that he "was hurting pretty bad" and that at the end of his shift he was going to the hospital. He did not want to see the company doctor. He saw his own doctor, who treated him for several weeks and then referred him to Dr. Wright, an orthopedic surgeon. Approximately nine weeks after the onset of his pain he was hospitalized and underwent surgery.

Petitioner testified that while working for respondent, approximately six months prior to the incident out of which this claim arose, "some beams struck my back." He suffered some back pain which persisted until the instant occurrence. He saw the company physician several times but lost no time from work. He had never had back surgery other than that performed by Dr. Wright.

Dr. Wright, an orthopedic surgeon, testified that approximately five weeks after the injury he examined petitioner and made a diagnosis of traumatic sciatic neuritis of the right leg. Four weeks later he ordered him hospitalized and performed a myelogram and a partial hemilaminectomy at the lumbosacral level. Although he expressed the opinion that petitioner had reached the maximum recovery to be anticipated and that the condi-

tion was permanent, he did not testify to a causal connection between the occurrence and petitioner's condition. His records indicated that petitioner had a history of prior "disc surgery" but his examination failed to reveal evidence of a scar which would indicate such prior surgery. On cross-examination he stated that the hospital record contained an entry, made by him, that petitioner had undergone a prior surgical procedure for his lower back and that a scar "was present at the lumbosacral region." His hospital progress notes contained an entry that the onset of petitioner's difficulty followed a hunting trip.

In *Gould v. Industrial Com.*, 40 Ill. 2d 548, 552, the court said: "It is fundamental that it is the province of the Industrial Commission to determine the facts and draw reasonable inferences from competent evidence in the record. This court's role is confined to a determination of whether the findings of the Commission are contrary to the manifest weight of the evidence. (*Overland Construction Co. v. Industrial Com.*, 37 Ill. 2d 525, 531.) Accordingly, we will not discard permissible inferences drawn by the Commission merely because we might have drawn other inferences from the facts."

From our review of the record we are unable to say that the findings of the Industrial Commission are contrary to the manifest weight of the evidence. The circuit court erred in setting aside the decision of the Industrial Commission, and the judgment is reversed.

*Judgment reversed.*