(No. 48684.—)

JOEL N. ROLLA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Old Ben Coal Corporation, Appellee.)

*Opinion filed April 5, 1977.*

David J. Letvin and Edward F. Brennan, Jr., of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellant.

Rooks, Pitts, Fullagar and Poust, of Chicago, and Hart, Hart & Gulley, of Benton (Douglas F. Stevenson and William N. Krucks, of counsel) for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Here the simple issue in this workmen's compensation case is whether the award of the Industrial Commission is contrary to the manifest weight of the evidence.

Claimant was injured on March 11, 1969, while employed as a coal miner by Old Ben Coal Corporation. The arbitrator entered an award for total loss of 25% of the use of each leg. The Commission affirmed the award, and the circuit court of Franklin County confirmed the decision of the Commission. Claimant appeals, contending he sustained an uncompensated brain injury in the particular occurrence.

Claimant was struck by a continuous-mining machine, and was pitched into a coal-collecting car, fracturing his pelvis. Claimant contends that he also suffered a blow to his head when he was shoved into the coal car, and is entitled to additional compensation for brain damage allegedly caused by that blow. When claimant was hospitalized immediately following the accident, no external lacerations or contusions were observed on his head. The neurological disorders manifested themselves 10 months after the accident.

Neither the arbitrator nor the Commission made any finding with respect to head injuries. The circuit court found that the manifest weight of the evidence did not support the conclusion that claimant had sustained head injuries.

The testimony was in conflict both as to whether claimant suffered a head injury and whether claimant's neurological disorders should be attributed to such an injury, or rather, as the employer maintains, to an unrelated respiratory infection.

The only issue on this appeal is whether the failure of the Commission to find that claimant was entitled to additional compensation was against the manifest weight of the evidence. That factual question, particularly when it turns upon the resolution of conflicting occurrence and medical testimony, is one to be decided by the Commis-

sion. *Chicago Transit Authority v. Industrial Com.* (1975), 61 Ill. 2d 78, 84-85; *Moore v. Industrial Com.* (1975), 60 Ill. 2d 197, 203.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*