(No. 50138.-

KEYSTONE STEEL & WIRE CO., Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Mable F. Bitner, Appellant.)

*Opinion filed May 16, 1978.*

KLUCZYNSKI, J., took no part.

Strodel & Kingery, Assoc., of Peoria (Arthur R. Kingery and Edward R. Durree, of counsel), for appellant.

Tim Swain and Gregory S. Bell, of Swain, Johnson & Gard, of Peoria, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The circuit court of Peoria County set aside the award of the Industrial Commission in this case, on the ground that the Industrial Commission's finding of a causal connection between the death of claimant's decedent, Archie Bitner, and Bitner's employment was against the manifest weight of the evidence. We disagree, and accordingly we reverse the judgment of the circuit court and

reinstate the award of the Industrial Commission.

Bitner had been employed by Keystone Steel & Wire Co. for 33 years at the time of his death. His final job was that of "wire drawer," which involved positioning coils of quarter-inch rod (the stock from which wires are drawn) weighing up to 1,110 pounds when full, and up to 250 pounds when empty. The decedent used a power hoist to lift the reels, but had to move the hoist and reel as far as 22 feet horizontally along tracks, using only his own physical strength. The wheels of the hoist frequently became jammed when moving along the tracks and had to be freed, again using only decedent's own strength. Decedent also was required to use his own physical exertion to stop the spinning of the empty reels.

On April 10, 1973, decedent's final day at work, he evidently planned to sign his retirement papers at the end of the day. However, at approximately 1:15 p.m., a co-worker discovered him slumped in a sitting position. Decedent was taken to the hospital, where he died nine days later.

It is undisputed that decedent died as the result of a stroke involving the rupture of a cerebral artery. It also is undisputed that certain diseases (which may or may not be work related), such as chronic hypertension, can increase blood pressure and can weaken such arteries, making them more likely to rupture. However, it is further undisputed that physical exertion of the type required by decedent's employment can increase blood pressure.

This was sufficient evidence upon which the Industrial Commission could base a finding that decedent's employment subjected him to stresses which would, on occasion, increase his blood pressure substantially beyond the level it would have reached but for those stresses (cf. County of Cook v. Industrial Com. (1977), 68 Ill. 2d 24), and that such stresses exceeded those to which all persons are normally exposed outside the course of their employment

(*cf. County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10).

Though claimant's expert and respondent's experts disagreed as to whether the work-related increased blood pressure could have or did cause the rupture of a blood vessel which would not have ruptured in the absence of such increased blood pressure, the evaluation of the credibility and weight to be accorded the testimony of conflicting experts is a question for the Industrial Commission, and the circuit court may not set aside that resolution unless it is against the manifest weight of the evidence. *E.g., Moore v. Industrial Com.* (1975), 60 Ill. 2d 197, 203.

Here, the Commission's decision was not against the manifest weight of the evidence, and Keystone's arguments to the contrary are completely without merit. For example, Keystone points out that Dr. Horacio Rivero (claimant's expert) admitted that, in some cases, any activity can cause a stroke. Keystone then argues that this admission seriously impeached the credibility of Dr. Rivero's conclusion that, on the facts of this case, decedent's employment was a causal factor in *this* stroke. The weakness of Keystone's argument is demonstrated by the testimony of Keystone's own expert (Dr. Paul Palmer) who reached a substantially similar conclusion. (*Cf. County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10.) Keystone also argues that Dr. Rivero's credibility was seriously impeached by his first stating that "it is not known that any type of work will cause hypertension" and later stating that he believed that Bitner's employment was a causal factor in his hypertension. The problems with this argument are twofold: First, Keystone has omitted the words "*per se*" from Dr. Rivero's earlier statement. Thus, in context, it is clear that Dr. Rivero's earlier statement was limited to the question of whether a direct causal relationship ever had been scientifically demonstrated

between hypertension and employment. Second, Dr. Rivero's second statement was limited to whether he believed that, on the facts of this case, decedent's hypertension was work related. He did not require the aid of a prior scientific study to reach this conclusion, and, accordingly, his credibility was not necessarily impeached thereby.

For the foregoing reasons, the judgment of the circuit court is reversed, and the award of the Industrial Commission is reinstated.

*Judgment reversed;*
*award reinstated.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.