(No. 38814.—

WALTER BECK, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MORRIS HANDLER COMPANY, INC., Appellant.)

*Opinion filed January 21, 1965.*

STEVENSON, CONAGHAN, HACKBERT, ROOKS AND PITTS, of Chicago, (HARLAN L. HACKBERT and DOUGLAS F. STEVENSON, of counsel,) for appellant.

JOHN R. RAFFERTY, of Chicago, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County setting aside the decision of the Industrial Commission ordering compensation on the basis of specific loss under section 8(e) of the Illinois Workmen's Compensation Act, (Ill. Rev. Stat. 1961, chap. 48, par. 138.8(e)). The circuit court reinstated, with one exception, an award of the arbitrator for the compensation payable under the act on a finding of permanent partial incapacity for work and a difference in earning power under section 8(d). (Ill. Rev. Stat. 1961, chap. 48, par. 138.8(d).) The appeal comes directly to this court under Supreme Court Rule 28—1A(e).

The appellant employer contends that it was for the Commission, not the circuit court, to weigh the medical evidence. In particular appellant argues that the Commission had the right to weigh the minimal objective findings of the employer's examining doctor against the predominantly subjective complaints described by the claimant's examining doctor; to weigh the photographic evidence of his physical activities and his post-accident earnings against his uncorroborated testimony of his physical condition and

activities; and to evaluate claimant's injuries as a specific partial loss of use of an arm and leg, rather than permanent partial disability. The claimant, however, contends that the record does not contain substantial evidence to support the findings of the Commission and that the decision of the arbitrator, affirmed by the circuit court, is in accord with the manifest weight of the evidence presented to the Commission. He also states that the only medical testimony offered by the employer must be considered as nonconclusive because the examinations were too premature to support the decision of the Commission.

The claimant, Beck, was employed as a carpenter by the appellant. While in its employ, he sustained two accidents; one on September 15, 1961, and a second on October 2, 1961. These accidents were falls from the roof of a building. He lost no time from work after the first accident and no compensation was awarded therefor by the arbitrator. As a result of the second accident, he spent one day in the hospital where he was X-rayed and given pain pills. Thereafter he was treated by a Dr. Bonick at his office frequently until the first of December when he was released from treatment. Seven days after that accident, he returned to work and worked for the appellant and other contractors until December 15, 1961. Later he went to a Dr. Feinberg many times and was given shots and prescriptions for pain pills, as he testified at the hearings, because he still had pain in the back and neck, had headaches, and was irritable. On February 4, 1962, Beck went to work in a gas station and has worked in gas stations ever since and never returned to work as a carpenter. Neither Dr. Bonick nor Dr. Feinberg testified for the claimant. The only medical witness offered on behalf of the claimant was Dr. Walter J. Barth. He examined claimant on June 12, 1962, observed a considerable limp in the right leg, gave claimant the Lasegue and Fabere tests and as a result thereof, in response to a hypothetical question, gave his opinion that the

injuries were permanent in nature and that the hypothetical man could not return to work as a carpenter. On cross-examination he said that his examination failed to reveal any objective evidence of injury of the head and neck.

Dr. John Gleason testified for the employer and in substance found, as a result of an October 20, 1961, examination, no positive objective symptoms relative to the cervical spine. He found soft tissue injury to the right lumbar area with progressive improvement and minimal residual findings. As a result of a further examination on November 22, 1961, he found no positive objective symptoms of either the cervical spine or the low back area. On cross-examination Dr. Gleason testified as to a specific loss of a percentage of one leg. He testified that low back conditions due to trauma may subside and then flare up.

A professional photographer took two motion picture films of claimant at a gas station on December 29, 1962, and January 10, 1963. These films, which were seen by the Commission but were not certified to the circuit court as a part of the record and therefore not seen by the circuit judge, apparently showed Beck walking normally, carrying bulky objects and shoveling snow.

Essentially, the question for the Commission was whether claimant's injuries were so severe as to prevent him permanently from returning to work as a carpenter, thus supporting the arbitrator's award under section 8(d), or whether his injuries were one or more specific partial losses of use of a member compensable under the schedule in section 8(e).

The Commission on review exercises an original jurisdiction and is in no way bound by the arbitrator's findings. (*American Smelting and Refining Corp.* v. *Industrial Com.* 13 Ill.2d 275, 279.) It is also the law that the circuit court may not weigh conflicting evidence and substitute its judgment for that of the Commission, unless the finding of the Commission is clearly against the manifest weight of the

evidence. (*Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 43; *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236, 245.) The Commission had to choose between the views of the two medical experts, Dr. Barth and Dr. Gleason. The choice between these two views is pre-eminently a function of the Commission and it is not within the province of the circuit court on review or this court to reverse the findings of the Commission on medical questions unless they are against the manifest weight of the evidence. (*Inland Steel Co.* v. *Industrial Com.* 18 Ill.2d 70, 79.) It is therefore apparent that the Commission had the right to choose to believe the testimony of Dr. Gleason, the employer's medical expert, rather than the testimony of Dr. Barth, the claimant's medical expert.

It is to be noted also that the Commission had before it a transcript of claimant's steady employment as a gas station manager and the motion pictures and still photographs of his physical activities in that capacity. We have previously mentioned that the motion pictures were not presented to or seen by the circuit court. It has been held, under like circumstances, that evidence submitted to the Commission but missing on review must be assumed to support the findings of the Commission. *Smith-Lohr Coal Mining Co.* v. *Industrial Board,* 279 Ill. 88, 92.

Claimant's contention that Dr. Gleason's testimony was premature in point of time was a factual question for the Commission to consider. His diagnosis of objective findings of the cervical spine and low back area could be accepted by the Commission and apparently was. Furthermore, the motion pictures apparently were more persuasive to the Commission in fact as to what the claimant could or could not do than the opinion of the claimant's physician.

After a careful perusal of the entire record we have come to the conclusion that the decision of the Commission was not against the manifest weight of the evidence, and

the Commission properly made an award on the basis of specific loss under section 8(e) of the act.

We need not consider the contention that the circuit court erred in accepting the arbitrator's findings as to claimant's post-accident salary, as this contention would be of importance only if we were to affirm the award of either the arbitrator or the circuit court under section 8(d) of the act.

Accordingly, the order of the circuit court of Cook County setting aside the decision of the Industrial Commission is reversed and the award of the Industrial Commission is reinstated.

*Circuit court reversed;*
*Industrial Commission affirmed.*