(No. 40443.—

SHELL OIL COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY RESCHAK *et al.*, Appellees.)

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

EMERSON BAETZ, of Alton, for appellant.

JACK RANDALL, of St. Louis, Missouri, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The Macoupin County circuit court affirmed an award to the widow of Albert Joseph Reschak of workmen's compensation benefits for his death while employed by Shell Oil Company.

The facts are not disputed. Decedent was employed by Shell Oil as a pipefitter and, other than having a pre-existing arteriosclerotic condition, enjoyed general good health prior to the accident involved herein. On May 16, 1962, decedent inhaled some asphyxiant gases which were emitted from a severed pipe. Shortly thereafter he climbed approximately 48 feet to the top of an oil storage tank and was there exposed to additional gas. Decedent did not complain to Shell until the following day, at which time he was given oxygen, sent to bed and referred to his family doctor. Some ten days later he was hospitalized at Litchfield, and subsequently, as his condition deteriorated, transferred to a Springfield hospital where he was treated by a specialist in internal medicine. He died on June 7 of thrombosis (a blood clot) of the right posterior-inferior cerebellar artery.

Appellant's argument centers around the question of whether there was medical testimony from which the Commission could find that decedent's death was causally related to the inhalation of gas and the exertion which followed. The deposition of the medical director of Shell's Wood River Refinery, Dr. Thomas Kelly, was introduced into evidence. While Dr. Kelly did not express an opinion as to the cause of decedent's death, he did say that both exertion and anoxia (lack of oxygen) can bring about thrombosis in a person who has a pre-existing condition of arteriosclerosis with its resulting hypertension. Two physicians answered hypothetical questions concerning causation. Claimant's medical expert, Dr. Robert Lund, said that "this hypothetical man * * * is a perfect set-up for some type of vascular obstruction whether it be cerebral, cardiovascu-

lar, in the heart or kidney; certainly these [referring to the inhalation of the asphyxiant gases plus the exertion which followed] are contributing factors to it, plus asphyxia." He further testified that "the [hypothetical] facts * * * are sufficient so that one would say, with a reasonable degree of certainty, that this [the condition of ill-being described in the hypothetical question] could occur." Respondent's medical expert, Dr. Edward Massie, said he did "not feel that the gases in the incident * * * described to me were connected with the cause of this patient's death."

We have repeatedly stated that "the determination of disputed questions of fact * * * including one of causal connection, is primarily a function of the Industrial Commission, and * * * its findings should not be disturbed by a reviewing court unless they are manifestly against the weight of the evidence * * *. Where the evidence is conflicting, or of such a nature that different inferences may be reasonably drawn therefrom, it is for the Commission to determine where the preponderance lies * * *." *Mechanics Universal Joint Division, Borg-Warner Corp.* v. *Industrial Com.,* 21 Ill.2d 535, 538; see, also, *Gould National Batteries, Inc.,* v. *Industrial Com.,* 34 Ill.2d 151, 158.

When the testimony of Doctors Kelly and Lund is considered together, we believe the Commission's finding may not be said to be against the manifest weight of the evidence. *Gould; Clifford-Jacobs Forging Co.* v. *Industrial Com.,* 19 Ill.2d 236.

The judgment of the circuit court of Macoupin County is affirmed.

*Judgment affirmed.*