(No. 43630.—

OWEN D. McINTIRE, Appellee, v. THE INDUSTRIAL COMMISSION, *et al.*—(Ekco Containers, Inc., Appellant.)

*Opinion filed September 30, 1971.*

KANE, DAY, and HARRINGTON, of Chicago, (ROBERT E. HARRINGTON, of counsel,) for appellant.

J. MICHAEL MADDA, of Chicago, (CHARLES WOLFF, of counsel,) for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal by Ekco Containers, Inc. from an order of the circuit court of Cook County setting aside a decision of the Industrial Commission and reinstating an award entered by the arbitrator pursuant to section 8(e) of the Workmen's Compensation Act (Ill.Rev.Stat. 1967, ch. 48, par. 138.8(e).) The arbitrator found that claimant, Owen D. McIntire, sustained accidental injuries arising out of and in the course of his employment resulting in a complete and permanent loss of the use of his right leg to the extent of 2½% thereof and a similar loss of the left leg to the extent of 5% thereof. The sole question presented is whether the Commission's finding that claimant sustained no permanent disability as a result of the accident was contrary to the manifest weight of the evidence.

Claimant testified that on December 10, 1965, while employed by Ekco, he was struck on both knees and both wrists by an electric jeep driven by a fellow employee. He stated that immediately after the accident he noticed swelling of his wrists and knees and reported to his foreman who sent him to the company nurse. Claimant received no treatment at this time, but he was examined by the nurse and an X ray may have been taken. He testified that he returned to work and worked regularly without further medical attention until April, 1966, when his left knee locked while walking down a corridor at work and he experienced a great deal of pain in his kneecap.

Following this incident, the company nurse provided claimant with calcium pills and an elastic bandage for his knee and arranged for him to see the company physician who gave him a cortisone shot in the left knee.

Claimant testified further that he left Ekco in May, 1966, and that in October, 1966, while working for another company, his left knee locked again, almost causing him to fall from a ladder. He stated that following this second incident of locking, he has had a number of similar incidents producing considerable pain in his kneecap, and a tightening of the muscles behind his knee, causing him to walk stiff-legged. Claimant indicated that the pain in his right knee began about two months prior to the hearing.

Medical evidence was introduced through the testimony of Dr. Michael Reiffel who appeared for claimant and Dr. Herbert Chwatal who testified on behalf of Ekco. Dr. Reiffel examined claimant on three occasions and made a diagnosis of subligamentous damage to the right knee and patellar bursitis and ligamentous damage to the left knee. He found that extension of both legs at the knees could be accomplished in full, but flexion of the right leg was restricted to 126 degrees and flexion of the left leg was restricted to 115 degrees out of a normal range of 135 degrees. The patellar bursa of the left knee was thickened and Dr. Reiffel found crepitation and instability of the knee joint. No evidence of a tear of the ligaments was found and X rays of the knees did not reveal any bony pathology, fracture or dislocation. Dr. Reiffel found no evidence of disability about the wrists. In response to a hypothetical question posed by claimant's attorney, Dr. Reiffel stated that in his opinion, "There might or could be a causal relationship" between the accident in question and the condition of ill-being described, and "that having persisted since 1965 it [the condition of ill-being] could be permanent."

Dr. Chwatal examined claimant on May 5, 1967, and it was his diagnosis, based upon clinical and X-ray examinations, that claimant had normal knee joints. Dr. Chwatal found no swelling, effusion, or crepitation about either knee and no evidence of bursitis. Extension and flexion of both legs at the knees were found to be within normal ranges of motion.

The choice between conflicting views of two medical experts is "preeminently a function of the Commission and it is not within the province of the circuit court on review or this court to reverse the findings of the Commission on medical questions unless they are against the manifest weight of the evidence." *(Beck v. Industrial Com., 32 Ill.2d 148, 152; Inland Steel Co. v. Industrial Com., 18 Ill.2d 70, 79.)* We have repeatedly stated that "where the evidence is conflicting, or of such a nature that different inferences may be reasonably drawn therefrom, we will not disregard permissible inferences drawn by the Commission merely because it or we might have drawn other inferences from the facts." *(Owens-Illinois Glass Co. v. Industrial Com., 39 Ill.2d 312, 316; Shell Oil Co. v. Industrial Com., 38 Ill.2d 286, 288; Farace v. Industrial Com., 34 Ill.2d 80, 84.)* It was not unreasonable for the Commission to accept the testimony of Dr. Chwatal rather than that of Dr. Reiffel and, in our opinion, its determination that claimant suffered no permanent disability as a result of the accident was not contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Cook County is reversed and the decision of the Industrial Commission reinstated.

*Judgment reversed; decision of Commission confirmed.*