RUBEN SALDANA, Appellant and Appellee, v. THE INDUSTRIAL COMMISSION, Appellant.—(Cargill, Inc., Appellee.)

*Opinion filed November 30, 1972.*

WARD, J., took no part.

JOHN M. BOWLUS and RUSSELL WOODY, of Chicago (COTTON, WATT, JONES, KING & BOWLUS, of counsel), for Ruben Saldana.

WILLIAM J. SCOTT, Attorney General, of Springfield

(FRANCIS T. CROWE, ROBERT B. WILLIAMS, and WARREN K. SMOOT, Assistant Attorneys General, of counsel), for the Industrial Commission.

DISCIPIO and DeCARLO, of Chicago (FRANCIS M. DISCIPIO, of counsel), for Cargill, Inc.

MR. JUSTICE RYAN delivered the opinion of the court:

The employee, Ruben Saldana, has appealed from an order of the circuit court of Cook County confirming the decision of the Industrial Commission which had affirmed the decision of the arbitrator denying the employee's application for compensation under the Workmen's Occupational Disease Act (Ill.Rev.Stat. 1967, ch. 48, par. 172.36 *et seq.*). The Industrial Commission has also appealed from an order of the circuit court of Cook County which directed it to refund to Saldana the sum of money he was required to pay for a certified copy of the record the Commission prepared to file in the circuit court as a return to the writ of *certiorari.*

Following the arbitrator's denial of Saldana's application for adjustment of claim, the employee filed a petition for review of the arbitrator's decision and ordered a transcript of the proceedings for which he paid the sum of $611.40. At the hearing on review before the Commission no further evidence was offered and the Commission affirmed the decision of the arbitrator and found that the probable cost of the record to be filed as a return to a writ of *certiorari* was $600. Although Saldana paid the cost of the record, he protested to the Commission and filed a motion in the circuit court requesting that these costs be returned to him. This motion was allowed and the court ordered the money refunded. This is the order from which the Commission has appealed.

At the time of the hearing before the arbitrator, Saldana was 59 years old. He had been born in Mexico and had lived in Chicago about 13 years. He had difficulty in

speaking and understanding English. From May 3, 1963, to July 22, 1967, he worked for Cargill, Inc., which had large grain-storage facilities on the Calumet River. Grain is transported to Cargill, Inc. and is stored in large silos, the bottoms of which extend into the basement of a building where grain is transported on conveyors. The volume of dust in the building depends upon the condition of the grain, the season of the year and the number of conveyors in operation. Saldana's duties consisted of sweeping, housekeeping, and cleaning the dust and grain which spilled from the conveyors. He wore a cotton mask on his face which was furnished by Cargill and which he changed four or five times a day. The evidence showed that there were fans in the building which carried off the dust after it had been swept into piles but the fans did not clean the dust from the air.

Prior to working for Cargill, Saldana had no previous history of illness involving his lungs or breathing. He suffered no allergies and did not smoke. He had never been hospitalized. About one year after his employment with Cargill, he experienced pressure in his chest. He had difficulty in breathing, and at times would be very hot and perspire freely. He consulted with a doctor who hospitalized him for a period of one week and had him breathe oxygen for a total of 30 hours.

Saldana continued to be treated for his breathing difficulties for about four years. During this time he continued to work. After he left his employment he experienced periodic sweating and great difficulty in breathing, especially after any exertion.

Dr. Edwin Levine, who had specialized in diseases of the chest for 30 years, testified for the employee. He diagnosed Saldana's condition as "farmer's lung" and stated that it was his opinion that this condition was caused by the inhalation of cereal dust. He stated that the kind of mask used by Saldana could filter out only the large particles of dust and it was his opinion that Saldana

demonstrated serious impairment of his lungs and respiratory system which made it impossible for him to do any consistent work. Dr. Levine based his opinion on X rays, pulmonary function tests, electrocardiograms, and arterial blood gas studies. He stated that the conditions he found are not found in a person suffering from asthma or emphysema.

Dr. William Buckingham, who specializes in internal medicine and pulmonary diseases, testified on behalf of Cargill. He had examined Saldana and conducted a physical examination, an examination under the fluoroscope, a chest X ray, an electrocardiogram and ventilatory studies. The ventilatory studies showed some abnormalities. It was his opinion that the employee had a mild bronchitis, probably allergic in origin, and that he did not have a significant disease of the cardiac or pulmonary structures which would prevent him from performing useful work. In a hypothetical question, he was asked to also consider the results of the test which had been performed by Dr. Levine. He stated that these results did not alter and were not inconsistent with his conclusions.

The arbitrator found that the employee had failed to prove that his condition of ill-being was the result of an occupational disease. This decision was affirmed by the Industrial Commission.

We have, in this case, two eminently qualified medical experts. The testimony of Dr. Levine supports the employee's position while the testimony of Dr. Buckingham supports the finding of the Industrial Commission. It is an established principle that the choice between conflicting views of two medical experts is preeminently a function of the Industrial Commission and it is not within the province of the court to review the findings of the Commission on medical questions unless these findings are against the manifest weight of the evidence. (*Brown v. Industrial Com., 51 Ill.2d 291; McIntire v. Industrial Com., 49 Ill.2d 239; Beck v. Industrial Com., 32 Ill.2d 148;* see also *Bray*

*v. Industrial Com., 50 Ill.2d 262; Ford Motor Co. v. Industrial Com., 50 Ill.2d 267; General Carbon Co. v. Industrial Com., 50 Ill.2d 273.*) We do not find that the determination of the Industrial Commission is contrary to the manifest weight of the evidence and we will, therefore, affirm the decision of the circuit court in this respect.

The Industrial Commission contends that the circuit court had no jurisdiction to enter an order directing the Commission to refund to the employee the amount of money he was required to pay for the certification of the record by the Commission. It is the Commission's position that the court had only the authority granted to it by statute; that is, to "review all questions of law and fact presented by such record" (Ill.Rev.Stat. 1969, ch. 48, par. 172.54(f)(1)), and that under the statute the court could only "confirm or set aside the decision of the Commission" (Ill.Rev.Stat. 1969, ch. 48, par. 172.54(f)(2)). The order complained of is within the jurisdiction of the court conferred by these statutes. The authority of the Commission to impose the charge in question as a condition of review constitutes a question of law reviewable under the authority of section 19(f)(1) of the Act (par. 172.54(f)(1)). In *Collins v. Industrial Com., 12 Ill.2d 200,* this court held that the statute which authorized the fixing of fees for attorneys, physicians, and hospitals (Ill.Rev. Stat. 1955, ch. 48, par. 138.16) contemplated that the fixing of fees is one of the questions of law or fact that may be reviewed by the court. The same reasoning applies in this case. Since the statute authorizes the Commission to determine the amount of probable cost of the record to be filed as a return to a writ of *certiorari* (Ill.Rev.Stat. 1969, ch. 48, par. 172.54(f)(1)), the statute contemplates that the determination of such costs is a question reviewable by the court.

The Commission bases its decision that the charge made to the employee for the preparation of the record is authorized upon the provision of section 19(f)(1) (par. 172.54(f)(1)) which reads:

"The Commission shall not be required to certify the record of their proceedings in the Circuit Court unless the party commencing the proceedings *** shall pay to the Commission the sum of 60 cents per page of testimony taken before said Commission, and 25 cents per page of all other matters contained in such record ***."

However, it is the employee's contention, with which we agree, that this statute authorizes a charge of 60 cents per page only for testimony *taken before the Commission* and does not authorize a charge for testimony or other matters in the record which had been incorporated in the record made at the hearing before the arbitrator and filed with the Commission on review. The employee contends that since a charge had already been made for this part of the record, another charge for the same record by the Commission was not authorized.

The statute specifically states that the charge is for "testimony taken before the Commission." In reading that paragraph of section 19 of the Act containing this language (Ill.Rev.Stat. 1969, ch. 48, par. 172.54(f)(1)), we conclude that the charges authorized by the provisions of that paragraph refer only to new matter incorporated in the record as a result of the review by the Commission and do not authorize an additional charge for that part of the record made before the arbitrator and filed with the Commission pursuant to a petition to review the findings of the arbitrator.

The Commission states that because it is the practice of circuit courts not to return the record to the Commission upon completion of judicial review, it is necessary that a complete typewritten copy of the record be made and filed with the circuit court and that the original record be retained by the Commission. It contends that several sections of the Workmen's Compensation Act and Workmen's Occupational Disease Act contemplate proceedings before the Commission subsequent to judicial review which require that the original record remain with the Commission. If it is necessary for the original record to remain with the Commission, we feel that present-day

methods of quickly preparing inexpensive and accurate copies present a means of accomplishing the end sought so that it will not be necessary to burden the party seeking review with a substantial cost for the preparation of the record of the Commission.

The order of the circuit court of Cook County confirming the denial of an award to the employee is affirmed, and the order of the circuit court of Cook County ordering a refund to the petititioner of the amount paid to the Industrial Commission for the certification of the record is also affirmed.

*Orders affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.