(No. 48287.—

HANS JENSEN & SONS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(William Schindler, Appellee.)

*Opinion filed Sept. 20, 1977.—Rehearing denied Nov. 23, 1977.*

Slovacek and Galliani, of Chicago (William R. Galliani and Philip J. McGuire, of counsel), for appellant.

Timothy F. Sullivan, of Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

William Schindler claimed total disability from exposure to asbestos, while in the employ of respondent, Hans Jensen & Sons, under the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1971, ch. 48, par. 172.36 *et seq.*). The arbitrator found that Schindler had been totally and permanently disabled and that Jensen was liable under the Act (ch. 48, par. 172.36(d)) because Schindler had been last exposed to asbestos, for a period of 60 days or more, while working for Jensen. The Industrial Commission affirmed the arbitrator's findings, Jensen appealed, and the circuit court confirmed the award of the Industrial Commission. The only issue is whether the finding of the Industrial Commission was against the manifest weight of the evidence.

Schindler was employed as a steam fitter or pipe fitter by Jensen from March 16 to October 15, 1971. He testified that the nature of his work necessitated exposure to asbestos: the installation and repair of pipes required cutting through asbestos. He further testified that his work was in boiler rooms where asbestos was being installed while he did his work. Around the end of November 1971, Schindler went to work as a plumber for Althoff Industries until January 1972. He was employed, again as a plumber, by Keystone Mechanical Industries from March to September 1972.

Schindler testified that, on the last day of his employment with Jensen, he felt tired and was short of breath. He denied he was ever exposed to asbestos during the course of his employment with Althoff and Keystone. In July 1972, he went to a clinic which referred him to the University of Wisconsin Medical Center. He was there for more than two weeks in September 1972. At the Wisconsin facility a lung biopsy evidenced interstitial fibrosis and "suggestive asbestos bodies." Thereafter, he was an outpatient at the Wisconsin Medical Center and a patient at the Mayo Clinic in 1973. He had also been under periodic care and examination by several other doctors.

Dr. Edward Levine testified for Schindler that on the basis of his examination he concluded Schindler was suffering from "extensive asbestosis with fibrosis, pneumonitis, pneumonia, and that this disease is a direct result of the work that he was doing." He opined that Schindler's disease was permanent and progressive and that Schindler could not have regular employment. Dr. Levine did admit that he could not determine the duration of the disease from an X-ray examination.

Dr. Harold Steinberg testified for Jensen that, on the basis of his examination and of hospital records, the claimant was suffering from "interstitial fibrosis of the lungs of unknown etiology." Moreover, he concluded,

from the pathologist's report of the University of Wisconsin medical records, "there are no findings that are consistent with a diagnosis of asbestosis." Dr. Steinberg believed that the shortness of Schindler's employment with Jensen precluded "any relationship of his occupational exposure to his present lung disease."

Jensen contends that the decision of the Industrial Commission was contrary to the manifest weight of the evidence because Schindler failed to prove the disease he suffered from was asbestosis and because the claimant failed to prove Jensen was the employer liable under the Workmen's Occupational Diseases Act. The first argument, that asbestosis was not proved, raises the problem of conflicting medical testimony. The choice between conflicting medical testimony is in the province of the Industrial Commission, and its findings will not be disturbed unless they are against the manifest weight of the evidence. *McIntire v. Industrial Com.* (1971), 49 Ill. 2d 239, 242; *Beck v. Industrial Com.* (1965), 32 Ill. 2d 148, 152; *Inland Steel Co. v. Industrial Com.* (1959), 18 Ill. 2d 70, 79. "It is primarily the function of the Industrial Commission to resolve disputed questions of fact, including those of causal connection, and to draw permissible inferences and decide which of conflicting medical views is to be accepted." (*Ford Motor Co. v. Industrial Com.* (1972), 50 Ill. 2d 267, 271.) The evidence clearly established that the disability arose from a disease occupationally related. The Commission's finding that the disease was asbestosis was not contrary to the manifest weight of the evidence.

Jensen's second argument, that it was not the employer liable under the Workmen's Occupational Diseases Act, also fails. The relevant parts of the Act are:

"An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time however short, he is

employed in an occupation or process in which the hazard of the disease exists; \*\*\*.

The employer liable for the compensation in this Act provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure, except, in cases of silicosis or asbestosis, the only employer liable shall be the last employer in whose employment the employee was last exposed during a period of 60 days or more after the effective date of this Act, to the hazard of such occupational disease, and, in such cases, an exposure during a period of less than 60 days, after the effective date of this Act, shall not be deemed a last exposure." (Ill. Rev. Stat. 1971, ch. 48, par. 172.36(d).)

Thus to recover under the Act, in addition to establishing a causal connection between the disease and the conditions of employment (*Payne v. Industrial Com.* (1975), 61 Ill. 2d 66, 69), Schindler must show that Jensen was the last employer in whose employ Schindler was exposed to asbestos for 60 days or more. We believe those requirements were met. First, Schindler testified, without contradiction, that his work for Jensen necessitated a constant exposure to asbestos. Moreover, on his last day on the job for Jensen, he had symptoms which ultimately resulted in an examination from which Dr. Levine concluded Schindler had asbestosis, a direct result, Dr. Levine said, of the work Schindler was doing for Jensen. Second, Schindler worked for Jensen for seven months (meeting the 60-day requirement); and he testified that on his last two jobs, with Althoff and Keystone, he was not exposed to asbestos.

Accordingly, we find that the Industrial Commission's determination that Schindler's disability was the result of exposure to asbestos while in Jensen's employment, and that Jensen was therefore liable, is not contrary to the

manifest weight of the evidence, and we affirm the circuit court.

*Judgment affirmed.*