(No. 49028.—

GEORGINA FERNANDEZ, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* —(Zenith Radio Corpora-
tion, Appellee.)

*Opinion filed April 3, 1978.*

McGuire & Haney, of Chicago (John A. McGuire and Philip J. McGuire, of counsel), for appellant.

Burgeson, Laughlin, Cunningham & Smith, of Chicago (Richard W. Baum, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The question presented is whether the petitioner, Georgina Fernandez, has established that she is suffering from an "occupational disease" as that term is defined in section 1(d) of the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1971, ch. 48, par. 172.36(d)) (the Act). Every tribunal which has heard her case has concluded that she has not. We agree; we affirm.

The petitioner had been employed by the respondent, Zenith Radio Corporation, for a total of 17 years, though apparently not continuously. For at least the four years prior to the onset of the symptoms from which this cause arose, her position was that of "floating relief operator," which involved assembling, lacing, soldering, and even lifting the chassis of television sets. "Lacing" required the use of pliers to grasp and twist the wire leads from electronic components into place for soldering. This operation was performed at approximately the rate of two such connections per minute. On March 18, 1971, petitioner was involved in a lacing operation when she began to experience numbness in two of the fingers of her right hand, followed by pain in her right arm and shoulder, and in her neck. This condition prevented her from grasping the pliers necessary for the lacing operation.

The next day she was reassigned to soldering, but experienced the same symptoms, and after two days was unable to perform the soldering operation. However, while she consulted both the company nurse and her own doctor, she did continue to work until June 18, 1971, at which time she could no longer perform the soldering operation.

Petitioner also testified that, two years prior to the

onset of these symptoms, she had complained about a lump in her right index finger. It is not clear from the record, however, what connection petitioner was attempting to demonstrate between the lump on her finger and her present claim of disability.

In due course, petitioner filed the instant claim for compensation under the Act. In the hearing before the arbitrator, petitioner admitted that on September 18, 1970, just a few months prior to the onset of the symptoms which gave rise to the instant case, she was involved in an automobile accident. Her car was struck from the rear in that accident, and she was admitted to the emergency room of Grant Hospital. The records from that incident indicate that at that time she was diagnosed as suffering from chronic, old and unhealing cervical strain.

Petitioner's own expert witness further testified that, while her present condition may be connected with her work, it also might have been the result of the automobile accident. Respondents' expert witness testified that petitioner was not even suffering any significant, measurable disability.

The arbitrator found that petitioner had not proved that she was suffering from an occupational disease, and both the Industrial Commission and the circuit court refused to set aside that determination. So do we.

On this record the Industrial Commission could have found that petitioner's symptoms were the result of normal degenerative processes aggravated by the automobile accident, and were not causally connected with her employment. It even could have found that she was not suffering any disability. We do not know which rationale its decision was based upon, because petitioner failed to request specific findings on these points. (See Ill. Rev. Stat. 1971, ch. 48, par. 172.54(e).) Either basis would be adequate and not against the manifest weight of the evidence. Where there is conflicting medical evidence

regarding whether a particular disability is sufficiently connected with employment to constitute an "occupational disease" (Ill. Rev. Stat. 1971, ch. 48, par. 172.36(d)), it is the province of the Industrial Commission to resolve those differences. (*Saldana v. Industrial Com.* (1972), 53 Ill. 2d 222, 225.) Where, as here, that resolution is not against the manifest weight of the evidence, neither this court nor the circuit court will overturn that resolution. *Saldana v. Industrial Com.* See also *Parris v. Industrial Com.* (1977), 69 Ill. 2d 31, 37.

For the foregoing reasons the judgment of the circuit court is affirmed.

*Judgment affirmed.*