January 19, 1999

NO. 1-98-0250WC

IN THE APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

Industrial Commission Division

JESS ELLIOTT,                       ) Appeal from

          Plaintiff-Appellant,      ) Circuit Court of

          v.                        ) Cook County

THE INDUSTRIAL COMMISSION OF ILLINOIS ) No. 96L50973

and UNITED AIRLINES, INC.           )

(Defendants-Appellees).             ) Honorable

                                    ) John Ward,

                                    ) Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Jess Elliott appeals from the order of the circuit court of Cook County confirming a decision of the Illinois Industrial Commission (Commission).  The respondent employer is United Airlines, Inc.  The arbitrator denied the claim because the claimant's testimony and evidence relating to the existence of an accidental injury were not credible.  The Commission affirmed and adopted the decision of the arbitrator.  The issues are whether (1) the testimony of Captain John Parker constituted a judicial admission such that the claimant had met his burden of proving he sustained an accidental inju­ry as a matter of law; and (2) the Commission's decision is against the manifest weight of the evi­dence.  We affirm.  Only those facts necessary to an understanding of this court's disposition will be discussed.

The first issue is whether the testimony of Parker consti­

tut­ed a judicial admission.  In this case, the request for hearing indicated that whether there was an accident within the purview of the Workers' Compensation Act (Act) (820 ILCS 305/1 
et
 
seq
. (West 1996)) was at issue.  Parker's handwritten report was appended as an exhibit to his evidence deposition and the deposi­

tion and exhibit were offered as exhibits at arbitration by claimant.  

Statements considered admissions can be determined to be judicial admissions or evidentiary admissions.  Ordinarily, "[a] judicial admission is a statement made during the judicial proceeding or contained in a document filed with the court."  
Williams Nationalease, Ltd. v. Motter
, 271 Ill. App. 3d 594, 597, 648 N.E.2d 614, 616 (1995).  

"An admission by a party is substantive evi­dence admissible as an exception to the rule excluding hearsay.  Ordinary evidentiary admis­sions may be contradicted or explained.  M. Graham, Cleary & Graham's Handbook of Illinois Evidence §802.11, at 616 (5th ed. 1990); 
McCormack v. Haan
, 20 Ill. 2d 75, 78 (1960).  However, ordinary evidentiary admis­sions should be distinguished from judicial admis­sions, which conclusively bind a party.

Judicial admissions are defined as delib­erate, clear, unequivocal statements by a party about a concrete fact within that party's knowledge.  
Hansen v. Ruby Construc­tion Co.
, 155 Ill. App. 3d 475, 480 (1987).  Where made, a judicial admission may not be contradicted in a motion for summary judgment (
Schmahl v. A.V.C. Enterprises, Inc.
, 148 Ill. App. 3d 324, 331 (1986)) or at trial (
Dayan v. McDonald's Corp.
, 125 Ill. App. 3d 972, 983 (1984)).  The purpose of the rule is to remove the temptation to commit perjury.  
Smith v. Ashley
, 29 Ill. App. 3d 932, 935 (1975)."  
In re Estate of Rennick
, 181 Ill. 2d 395, 406-07, 692 N.E.2d 1150, 1156 (1998).

Whether the deposition testimony constitutes a judicial admission because it is unequivocal is a question of law.  
Hansen v. Ruby Construc­tion Co.
, 155 Ill. App. 3d 475, 480, 508 N.E.2d 301, 304 (1987).  Issues of law are consid­ered 
de
 
novo
 on review without deference to the Commission's determina­tion.  
Sorenson v. Industri­al Comm'n
, 281 Ill. App. 3d 373, 381, 666 N.E.2d 713, 718 (1996), quoting 
Metropolitan Water Reclamation District v. Industrial Comm'n
, 272 Ill. App. 3d 732, 734, 650 N.E.2d 671, 673 (1995).

In this case, the statement and deposition were those of an employee of respondent.  Claimant argues that a statement made by an employee within the scope of and during the employment relationship is a judicial admission.  Claimant relies on 
Halleck v. Coastal Building Maintenance Co.
, 269 Ill. App. 3d 887, 647 N.E.2d 618 (1995) and 
Miller v. J.M. Jones Co.
, 225 Ill. App. 3d 799, 587 N.E.2d 654 (1992).  Claimant's cited cases do not support his position.  It is clear from the discussion in 
Halleck
 that the admission in that case was not considered a judicial admission.  Indeed, the employee's statement had been sought to be admitted as an admission to avoid the application of the rule against hearsay.  
Halleck
, 269 Ill. App. 3d at 891-93, 647 N.E.2d at 623-24.  Similar­ly, in 
Miller
, there is no discussion of the statement of the agent being a judicial admission.  
Miller
, 225 Ill. App. 3d at 802-03, 587 N.E.2d at 657-58.  In the reply brief, claimant cites 
Rinchich v. Village of Bridgeview
, 235 Ill. App. 3d 614, 626-27, 601 N.E.2d 1202, 1210 (1992), which employs a similar analysis and also does not discuss judicial admissions.  Further­more, these decisions rely on a section in Cleary and Graham different from the section on judicial admissions.  Compare M. Graham, Cleary & Graham's Handbook of Illinois Evidence §802.9 with §802.11 (6th ed. 1994).

There is no dispute in this case concerning the employ­

er/employee relationship of Parker and respondent.  Although claimant testified he requested that Parker prepare the written statement, he now argues on appeal that Parker made the report at the request of the chief pilot, Mayo, which was Parker's testimony.  There is also no dispute that, if the report was not made within the scope of his employment, it was incidental to Parker's employment.  

Parker's deposition was an "evidence" deposition, as described by claimant's counsel.  Direct examination during the deposition was conducted by claimant's counsel.  Although it is the testimony of claimant's witness, he now wants it to be considered a judicial admission of respondent.

To the extent Parker's deposition and report are consid­ered admissions, they constitute evidentiary admissions, not a judicial admission binding on respondent.  We stress they were not unequivocal and unambiguous statements by the witness, regardless of whether such an employee can bind the respondent by judicial admission.  As such, the other evidence which explained and contra­dict­ed Parker's testimony and report was properly consid­ered by the Commis­sion.  

The remaining issue is whether the Commission's decision is against the manifest weight of the evi­dence.  Even before there can be consideration of whether an accidental injury arose out of employment, claimant must prove there was an accidental injury.  An accident is anything that happens without design or an event unforeseen by the person to whom it happened.  Within the meaning of the Act, an injury is acciden­tal when it is traceable to a definite time, place, and cause and occurs in the course of employment without affirmative act or design of the employee.  
International Harvester Co. v. Industrial Comm'n
, 56 Ill. 2d 84, 88-89, 305 N.E.2d 529, 532 (1973).

Claimant testified that on May 7, 1994, he injured his neck while reading an auxiliary power unit gauge when the aircraft hit a bump.  On May 9, he saw his family doctor, giving a history of waking up in the night of May 8, 1994, with his pillow down in a crack between the mattress and headboard.  In the history given to Dr. James Tucker, claimant also referred to an injury received while attending college.

On June 18, 1994, claimant sent a letter to Dr. Clinton Miller asking the doctor to send claimant a "To Whom It May Concern letter supporting my injury as occupational related," indicating to the doctor he had "exhausted all of my nonoccupation­al sick leave and vacation time."  The record shows that claimant first mentioned the injury was related to logging APU hours in a letter to respondent on July 8, 1994.  From May 9, 1994, to June 28, 1994, claimant was seen by Drs. Tucker, Richard Levy, and Miller.  The first doctor to suggest a "possibili­ty" that claimant's problems were work-related was by Dr. Miller who responded to claimant's letter seeking aid in his effort to relate his difficulties to his work.  The arbitrator found, and the record supports the finding, that not until July 8, 1994, 7½ weeks after the incident did plaintiff assert that he felt a pain in his neck while reading an APU gauge.

The Commission simply did not believe the injury occurred in the way claimant says it happened.  In particu­lar, the arbitra­tor found claimant to be not credible.  The arbitrator noted that, although the testimony related to a "bump," the application for adjust­ment of claim referred to mid-air turbulence and concluded the history in the application for adjustment of claim was inaccurate and an attempt by claimant's attorney to relate claimant's problems to an incident of sufficient force to cause the injury.  The arbitra­tor also concluded claimant had conducted a search for an accident in the course of employment by enlisting doctors and following the specifications and flight operations to settle on some event and bring a claim.  After creating a paper trail of the true factual start (the pillow/hotel event), the arbitrator believed claimant "set out to discard that premises [
sic
] and invent, seven weeks later a new accident history."  

In light of the inconsistent histories given by claimant for the onset of condition, the suggesting of a variety of causes, the length of time it took claimant to "realize" he was injured while reading the auxiliary power unit (APU) meter, and the coinci­den­tal timing of this epiphany with the bringing of a workers' compensa­tion claim, the Commission simply did not believe claimant and discount­ed Parker's account as well.

The Commission's determination that claimant did not prove an accidental injury within the Act will be upheld on review unless it is against the manifest weight of the evidence.  
Williams v. Industrial Comm'n
, 49 Ill. 2d 317, 321, 275 N.E.2d 161, 163 (1971); 
Baggot Co. v. Industrial Comm'n
, 290 Ill. 530, 535, 125 N.E. 254, 256 (1919) (Commission decision will be upheld if there is evidence to support it).  It is the Commission's province to judge the credibility of witnesses, draw reasonable inferences from the testimony, and determine the weight to be given the testimony.  This court will not disregard permissible inferences drawn by the Commission merely because other reasonable inferences could also have been drawn from the evidence.  
Freeman United Coal Mining Co. v. Industrial Comm'n
, 286 Ill. App. 3d 1098, 1103, 677 N.E.2d 1005, 1008 (1997).

The decision of the Commission was not against the manifest weight of the evidence.

The judgment of the circuit court of Cook County confirming the decision of the Commission is affirmed.

Affirmed.

RAKOWSKI, COLWELL, HOLDRIDGE and RARICK, JJ., concur.