PAUL HEINRICH, Plaintiff-Appellee, v. JOHN MITCHELL, an Indiv., *et al.*, Defendants-Appellants.

First District (6th Division)  No. 1—04—0903

Opinion filed May 27, 2005.

■■■■■■■

Hoff, Collins & Cook, of Chicago (John S. Hoff, Alex Herran, and Matthew J. Kalas, of counsel), for appellants.

Paul Heinrich, of Geneva, appellee *pro se*.

JUSTICE McNULTY delivered the opinion of the court:

A jury returned a verdict awarding damages to defendants Interior Pacific Flight Systems (Interior) and John Mitchell, in an action for breach of contract. The court ordered defendants to return to plaintiff, Paul Heinrich, some of his property in defendants' possession, or to allow Heinrich a setoff for the property. Defendants did neither. At a hearing on a motion for a rule to show cause, the court entered a final judgment that left both parties to recover nothing from each other. Defendants appeal. We find that the court did not abuse its discretion by entering the judgment as a sanction for defendants' violation of court orders. Accordingly, we affirm.

## BACKGROUND

Heinrich needed a new fuselage for his aircraft. He purchased a fuselage from Interior, and Interior agreed to install the fuselage. Interior took Heinrich's aircraft, together with some separate parts Heinrich owned, to its facilities to make the necessary modifications. Heinrich retrieved the modified aircraft in 1998. In 2000 Heinrich sued Interior and Mitchell, Interior's president, for breach of contract. Defendants counterclaimed for breach of the same contract. Heinrich alleged that defendants failed to make all promised repairs and defendants claimed that Heinrich failed to make all promised payments.

Before trial the court entered an agreed order dated December 20, 2000, directing defendants to

> "segregate, sequester, and preserve as evidence in this cause personal property belonging to HEINRICH; namely, aircraft parts (a schedule of which is attached hereto and incorporated herein \*\*\*) until further order of court."

The list attached to the agreed order identified, amongst other items, a set of flaps, a set of flying wires, an oil gauge, and an original operating handbook as items Heinrich owned that remained in Interior's possession in December 2000.

Heinrich submitted an affidavit detailing the replacement costs of some of the items. For those items Heinrich showed a replacement cost exceeding $15,000. The affidavit did not list replacement costs for some other items Heinrich identified as "irreplaceable."

In a pretrial ruling the court decided not to submit to the jury any issue concerning the value of the parts defendants retained. Heinrich testified that he paid "probably 18 to 20,000 [dollars for] those parts." He added that the "replacement value *** probably was 35 to $40,000."

The jury found that Interior fulfilled its part of the contract and Heinrich owed Interior $19,000. The court entered judgment on the verdict by order dated June 19, 2001. The judgment order also provided:

> "[B]ased upon open court representations of defense counsel, that the Defendants will return the airplane parts alluded to in this court's prior order [of December 2000], this court retains jurisdiction of the parties *** and hereby orders that:
>
> a) The airplane parts owned by the Plaintiff are returned to him by the Defendants within thirty (30) days following entry of this order.
> ***
> c) The prior order of this court regarding the Defendants' maintenance of the airplane parts remains in full force and effect until the parts are returned to the Plaintiff."

Heinrich filed a posttrial motion seeking a judgment notwithstanding the verdict or a new trial. Heinrich later moved for a rule to show cause, claiming that defendants failed to return the listed aircraft parts as the court ordered. At the hearing on the posttrial motions, held August 23, 2001, the court found that the evidence supported the jury's finding that Interior made the promised repairs. The court added:

> "On the counterclaim, there is a discrepancy between the exact amount asked for by the [defendants] here, which was something in the range of $18,000 plus, and the jury came back with $19,000. That [award of damages] is contrary to the manifest weight of the evidence.
>
> I don't know what that amount [of actual damages] is. So if you can tell me what that amount is with some certainty, I would be happy to remit it to that amount, and that will be in judgment on the counterclaim."

The written order, entered following the hearing, provided:

> "The dollar amount of the judgment will be provided by the co-defendants *** within fifteen (15) days of execution of this order."

The order also set a hearing on the rule to show cause and said:

> "The enforcement of the judgment is stayed until hearing date or until the court is notified by the parties that the issues addressed in plaintiff's Motion for Rule to Show Cause have been resolved. ***
>
> *** Evidence of value of the parts in controversy will be presented to the court following the court's ruling on the affidavits and briefs[,] (a) if the parties cannot stipulate to value, and (b) if the court finds that the defendant(s) failed to comply with this court's orders of December 20, 2000 and June 19, 2001.
>
> *** Sanctions shall only be assessed to the party against whom the court rules *** if *** the defendants fail to comply with the court's order of August 23, 2001 within fourteen (14) days or fail to give financial credit for the value of the parts within fourteen (14) days following the ruling of the court [on the motion for rule to show cause]."

In response to the order, Mitchell swore in an affidavit that the flaps and the flying wires were used in Heinrich's plane. Heinrich took them and the operating handbook when he took the plane, long before the court entered the agreed order dated December 2000. Mitchell also swore that Interior traded Heinrich's oil gauge for a new one that it installed into Heinrich's plane, years before December 2000. The record on appeal includes no response from Interior and Mitchell to the order for a specification of losses due to Heinrich's breach of contract.

Heinrich swore in an affidavit that he received some of the parts listed in the December 2000 order, but he never recovered a number of items, including the flaps, the flying wires, the oil gauge, and the operating handbook.

On February 24, 2004, at the conclusion of the hearing on the motion for a rule to show cause, the judge signed an order Interior's counsel drafted. The order, in the nearly illegible copy included in the record, appears to state:

> "Judgment of $19,000 entered by Order of 19 June 2001 *** is reinstated and the subsequent stay *** is vacated. ***
>
> The ct Reviewed the list of items to be returned to pl & list of items *** offsets the [judgment for] $19,000.00. Therefore the Rule to Show [Cause] is denied."

Defendants now appeal.

## ANALYSIS

Because the order disposes of all pending claims, this court has jurisdiction to consider the case pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

■ To determine our standard of review, we must first ascertain the nature of the order from which defendants appeal. "A court's order must be construed in a reasonable manner, *** with reference to other parts of the record, including the pleadings, so as to give effect to the apparent intention of the trial court." *American National Bank & Trust Co. v. Department of Revenue*, 242 Ill. App. 3d 716, 720 (1993).

In August 2001, the trial court found that the jury had awarded Interior an excessive verdict. The court vacated the judgment entered on the verdict and directed Interior to provide a specification of its loss. As the court directed the presentation of evidence of the amount lost, the order is a discovery order. Two and a half years later defendants still had failed to respond.

In 2001 the court also ordered Interior to return to Heinrich all of the airplane parts listed as in defendants' possession in the agreed order of December 2000. The order of December 2000, which specifically directs defendants to preserve the parts as evidence, also qualifies as a discovery order. Interior responded to the motion for rule to show cause with an attack on the agreed order. Mitchell in his affidavit swore that Heinrich retrieved many of the parts listed in that order years before the court entered the December 2000 order.

The trial court's order of February 2004 disposed of the case without any further exchange between the parties. Heinrich did not need to pay the judgment originally entered following the trial and Interior did not need to return the parts. While the court formally denied the motion for a rule to show cause, the court clarified that it did so only because the judgment left neither party to recover from the other. In effect, the court denied Interior its recovery on the contract because Interior violated the court orders directing it to specify its loss and to return to Heinrich the items in its possession sequestered by the order of December 2000.

Because the order of February 2004 effectively imposes sanctions against defendants for disobeying discovery orders, we review it as an order for discovery sanctions. As such we will reverse the order only if the trial court abused its discretion by imposing the sanctions. *Vaughn v. Northwestern Memorial Hospital*, 210 Ill. App. 3d 253, 259 (1991).

The court, with its crowded docket, cannot expend indefinite time and resources on each case. Discovery rules help the court expeditiously resolve litigation. *People ex rel. Terry v. Fisher*, 12 Ill. 2d 231, 236 (1957). Our supreme court has granted the trial court broad powers to enforce its discovery orders. 166 Ill. 2d R. 219(c).

"Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances." *Buehler v. Whalen*, 70 Ill. 2d 51, 67 (1977).

Here, the jury returned a verdict for defendants that the court found excessive, and the court sought a specification from defendants to help it set an appropriate amount for the judgment. The record on appeal shows no response from Interior.

Defendants stated in the agreed order of December 2000 that Interior had in its possession at that time a number of items Heinrich owned, including flaps, flying wires, an oil gauge and an operating handbook for Heinrich's aircraft. This formal statement in a judicial proceeding of a matter within defendants' knowledge constitutes a judicial admission which defendants cannot contradict. *Elliott v. Industrial Comm'n*, 303 Ill. App. 3d 185, 187 (1999). The agreed order "is conclusive on the parties and can be amended or set aside by one of the parties only upon a showing that the order resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence." *In re Haber*, 99 Ill. App. 3d 306, 309 (1981). Defendants responded to the rule to show cause by contradicting its judicial admission, without meeting any of the criteria for setting aside an agreed order. The record shows no offer of any setoff for the parts lost.

■ We find that the circumstances of this case justified an imposition of sanctions against Interior. Heinrich, in an affidavit and in testimony in court, placed the value of the unreturned parts someplace near the amount of the jury's verdict for Interior on the breach of contract claim. Defendants for 2½ years took no steps to afford Heinrich an appropriate setoff for his unreturned property. In view of the court's need for defendants' cooperation to reach a judgment accounting for both Heinrich's breach of contract and defendants' retention of some of Heinrich's property, we cannot say that the sanction imposed here is disproportionate to the violations of discovery orders. See *Vaughn*, 210 Ill. App. 3d at 261.

Finally, defendants argue that the court's order of August 2001 required an evidentiary hearing concerning the value of the unreturned parts. The court retained authority to revise the nonfinal order. *In re Marriage of Connors*, 303 Ill. App. 3d 219, 224 (1999); *Hampson v. Board of Education*, 215 Ill. App. 3d 817, 827 (1991). The provision in the order for an evidentiary hearing assumed that the parties would

cooperate with other provisions of the order. Defendants' failure to respond appropriately to that order for 2¹/₂ years significantly changed the circumstances from the time of the August 2001 order. The court had no obligation to schedule further discovery and further hearings to permit an uncooperative party to present evidence of the value of the property it failed to return to Heinrich.

Under the peculiar circumstances of this case, we find that the trial court did not abuse its discretion by effectively dismissing the lawsuit as a sanction against defendants for violation of discovery orders. Accordingly, we affirm the trial court's judgment.

Affirmed.

TULLY and O'MARA FROSSARD, JJ., concur.